**Homero GUEVARA, Appellant,**

v.

**H.E. BUTT GROCERY CO., Appellee.**

No. 04-01-00217-CV.

Court of Appeals of Texas,
San Antonio.

May 15, 2002.

Sabrina C. Arellano, Law Offices of Sabrina C. Arellano, San Antonio, for Appellant.

W. Wendell Hall, Rosemarie Kanusky, Fulbright & Jaworski, L.L.P., San Antonio, for Appellee.

Sitting: SARAH B. DUNCAN, Justice
KAREN ANGELINI, Justice, and
SANDEE BRYAN MARION, Justice.

Opinion by: SARAH B. DUNCAN, Justice.

Homero Guevara argues the summary judgment in his employment discrimination suit must be reversed because the 180–day time limit for filing a complaint under the Texas Human Rights Act should be tolled under the doctrine of equitable tolling and was, in any event, waived by the Commission's "right to sue" letter. Guevara's arguments, while not without merit, are better addressed to the Supreme Court of Texas, which has unequivocally and recently held that the time limit is "mandatory and jurisdictional." In line with this holding, we affirm the trial court's judgment.

## STANDARD OF REVIEW

The sole issue involved in Guevara's appeal is whether a court is vested with subject matter jurisdiction over a claim arising out of a violation of the Texas Human Rights Act when the complaint was not filed within 180 days of the alleged discrimination. We review the trial court's determination of subject matter jurisdiction, including its construction of pertinent statutes, de novo. *See Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex. 1998), *cert. denied,* 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999).

## FACTUAL AND PROCEDURAL BACKGROUND

After making a sexually derogatory statement in direct violation of company policy, Guevara was discharged by HEB on March 9, 1998. He later appealed his termination and was rehired March 19, 1998 in a different capacity at a different facility at a reduced pay.

According to Guevara's affidavit, he completed an Equal Employment Opportunity Commission charge questionnaire in May 1998, but the EEOC wrongfully refused to accept the charge. After consulting with several attorneys, Guevara returned to the EEOC on October 29, 1998 and signed and verified a formal discrimination complaint. Although Guevara did not check the box on the complaint form indicating that he wanted his complaint shared with the applicable state agency, the EEOC apparently forwarded the complaint to the Texas Commission on Human Rights, which on February 23, 2000 issued Guevara a "right to sue" letter.

On April 24, 2000, Guevara filed suit against HEB for employment discrimination.[1] HEB answered and moved for summary judgment, contending Guevara's claim is barred by section 21.202(a) of the Texas Labor Code. *See* TEX. LABOR CODE ANN. § 21.202(a) (Vernon 1996) (180–day time limit for filing a complaint based on a violation of the Texas Commission on Human Rights Act). After Guevara responded, the motion was granted and Guevara's claim was dismissed with prejudice.

## APPLICABLE LAW

■ Pursuant to statute, a complaint filed under the Human Rights Act "must be filed not later than the 180th day after the date the alleged unlawful employment practice occurred." TEX. LABOR CODE ANN. § 21.202(a) (Vernon 1996). "The commission shall dismiss an untimely complaint." *Id.* § 21.202(b). As a general rule, when "must" is followed by a noncompliance penalty, it is construed as mandatory. *Helena Chem. Co. v. Wilkins,* 47 S.W.3d 486, 493 (Tex.2001). In accordance with this general rule, the Supreme Court of Texas has stated that the timely filing of a complaint under the Texas Human Rights Act is "mandatory and jurisdictional." *Specialty Retailers, Inc. v. DeMoranville,* 933 S.W.2d 490, 492 (Tex.1996).

## DISCUSSION

■ It is undisputed that Guevara did not file his complaint within 180 days of the alleged discrimination. However, Guevara urges this Court to adopt the doctrine of equitable tolling because the intake worker wrongfully refused to file his complaint when he first attempted to file it in May 1998.[2] We decline to do so. As noted above, the Supreme Court of Texas has recently stated that the timely filing of a complaint under the Texas Human

---

1. Guevara also sued HEB for slander. However, he does not appeal the trial court's ruling that his slander claim is clearly barred by the statute of limitations. TEX. CIV. PRAC. & REM.CODE ANN § 16.003(a) (Vernon 1986) (one-year statute of limitations governs slander claim).

2. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (holding "that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling"); *McKee v. McDonnell Douglas Tech. Servs. Co.,* 700 F.2d 260 (5th Cir.1983) (applying equitable tolling doctrine when EEOC wrongfully refused plaintiff's complaint); *Coke v. General Adjustment Bureau, Inc.,* 640 F.2d 584, 591 (5th Cir.1981) (noting that "courts have often referred to these provisions loosely as jurisdictional, without consideration of whether equitable tolling is permissible").

Rights Act is "mandatory and jurisdictional." *Specialty Retailers,* 933 S.W.2d at 492. We do not assume the court used these terms unadvisedly, particularly in light of the general rule that "must" is given a mandatory construction when it is followed by a noncompliance provision. *See Helena Chem.,* 47 S.W.3d at 493.

 We likewise reject Guevara's argument that the Commission's "right to sue" letter confers subject-matter jurisdiction over his complaint. As we have previously recognized, subject-matter jurisdiction "cannot be conferred by consent, waiver, or estoppel at any stage of a proceeding." *Bloom v. Bloom,* 935 S.W.2d 942, 948 (Tex.App.-San Antonio 1996, no writ) (citing *Federal Underwriters Exch. v. Pugh,* 141 Tex. 539, 541, 174 S.W.2d 598, 600 (1943); *Beeson v. Beeson,* 578 S.W.2d 517, 518 (Tex.App.-El Paso 1979, no writ); *cf. Subaru of America, Inc. v. David McDavid Nissan, Inc.,* 44 Tex. S.Ct. J. 779, 2001 WL 578337, at *3 (May 31, 2001)) (stating that agencies "may exercise only those powers the law, in clear and express statutory language, confers upon them"; and "[c]ourts will not imply additional authority to agencies, nor may agencies create for themselves any excess powers"), *reh'g granted,* 45 Tex. S.Ct. J. 163 (Dec. 6, 2001).

 Finally, Guevara argues that his October 29, 1998 complaint amends and therefore relates back to his May 1998 complaint. *See* Tex. Admin. Code § 327.1(g); *Hennigan v. I.P. Petroleum Co.,* 858 S.W.2d 371, 373 (Tex.1993) (permitting amendment to cure technical defects or omissions and providing that such amendments relate back to the date the original complaint was filed). We disagree. Section 327.1(g) does not apply since Guevara's May 1998 complaint was never filed.

### CONCLUSION

Because Guevara did not file his complaint within the 180-day time limit prescribed by the Texas Human Rights Act, we hold the trial court was without subject matter jurisdiction over his discrimination claim. We therefore affirm the trial court's judgment.