United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 6, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 03-20663
_____

OLIVER MANUEL,

                                   Plaintiff - Appellant,

versus

SANDERSON FARMS INC., Processing Division

                                   Defendant - Appellee.


----------------------

Appeal from the United States District Court
for the Southern District of Texas, Houston Division
(No. 02-CV-4837)
----------------------

BEFORE HIGGINBOTHAM, SMITH, and WIENER Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Oliver Manuel appeals the district court's grant of summary judgment in favor of his former employer, Defendant-Appellee Sanderson Farms, Inc. ("Sanderson Farms"), dismissing his Texas state law racial discrimination claims. We affirm, albeit for different reasons.[1]

## I. FACTS AND PROCEEDINGS

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 537-38 (5th Cir. 2003)("Summary judgment must be affirmed if it is sustainable on any legal ground in the record, . . . . and it may be affirmed on grounds stated or not stated by the district court.")(cites omitted).

Manuel filed suit in the County Court of Law No. 2 of Brazos County, Texas against Sanderson Farms, alleging discriminatory discharge and hostile work environment claims under the Texas Commission on Human Rights Act ("TCHRA").[2] Sanderson Farms had hired Manuel in April 2000 as one of three superintendents at its poultry processing plant in Bryan, Texas. Each superintendent was in charge of one of the plant's three shifts. Manuel, a black male, was hired as superintendent of the second shift. Brian Otto and Ed Cammack, both white males, were superintendents of the first and third shifts, respectively.

The second shift operated from 6:00 p.m. to 2:30 a.m., but Manuel would occasionally leave his shift early. On July 10, 2001, Manuel's supervisor, David Jarrett, instructed Manuel that, from that day on, he would be required to stay until the second shift had ended. (Although Jarrett did not give similar instructions to Otto and Cammack, neither does Manuel contest the record evidence that Otto and Cammack had no history of early departure.) The following week, Jarrett arrived at the plant around midnight and discovered that Manuel had left. Jarrett promptly recommended to Sanderson Farms' Division Manager, Eric Erickson, that Manuel's employment be terminated because of his poor performance and his failure to follow Jarrett's directive that he remain at work until the end of his shift. Erickson agreed with Jarrett's

_____

[2] TEX. LABOR CODE ANN. § 21.001, et seq. (Vernon 1996).

2

recommendation and, on July 19, 2001, informed Manuel that his employment at Sanderson Farms would be terminated.[3]

On February 20, 2002, more than 200 days after being informed of his discharge, Manuel filed a charge of discrimination with the Texas Commission on Human Rights ("the Commission") and with the EEOC. The Commission issued Manuel a right to sue letter on September 26, 2002.[4] Manuel filed suit in state court within 60 days after receiving the Commission's letter, as required by Texas Labor Code Annotated section 21.254.[5] His complaint asserted only state law causes of action.

Sanderson Farms removed the case to federal court on the basis of diversity, and, following an expedited discovery schedule, moved for summary judgment on Manuel's claims. The district court granted Sanderson Farms's motion in June 2003. In its stated reasons, the court said that it found Manuel's claims time-barred

---

[3] Neither side disputes that the date Manuel was unequivocally informed that his employment at Sanderson Farms would be terminated, and not the date of his actual termination, triggers the 180 day time limit for filing his complaint with the Texas Commission on Human Rights. See TEXAS LABOR CODE ANN. § 21.202 (Vernon 1996); see also Specialty Retailers, Inc. v. DeMoranville, 933 S.W.2d 490, 492-93 (Tex. 1996)("[t]he limitations period begins when the employee is informed of the allegedly discriminatory employment decision, not when that decision comes to fruition")(citing Delaware State College v. Ricks, 449 U.S. 250, 258 (1980)).

[4] The EEOC issued Manuel a right to sue letter on October 7, 2002.

[5] TEX. LABOR CODE ANN. § 21.254 (Vernon 1996)("Within 60 days after the date the right to file a civil action is received, the complainant may bring a civil action against the respondent.").

3

under federal law, and, alternatively, that he had failed to establish genuine issues of material fact with regards to the merits of both his hostile work environment and discriminatory discharge claims.  Manuel timely appealed.

## II. ANALYSIS

### A. Standard of Review

We review de novo a grant of summary judgment.[6]

### B. Time Bar

The district court held Manuel's claims to be time-barred under 42 U.S.C.S. § 2000e-5(e), because Manuel did not file suit within 30 days following receipt of his right to sue letter from the Commission.[7]  Section 2000e-5(e) provides, in pertinent part, that an aggrieved party who has filed a charge of discrimination with a state or local agency, such as the Commission, has until the earlier of 300 days after the date of the alleged unlawful employment practice, or 30 days after the date on which he receives notice that the state agency has terminated its proceedings in which to file an EEOC charge.[8]  As Manuel correctly points out, the district court erred in applying section 2000e-5(e), both because that provision controls the time for filing an EEOC charge

---

[6] See Conserv Ltd. Liability Corp. v. Southwestern Bell Telephone Co., 350 F.3d 482, 486 (5th Cir. 2003)(cites omitted).

[7] See 42 U.S.C.S. § 2000e-5(e)(Supp. 2003).

[8] See id.

4

and not the time for filing suit, and because the TCHRA, rather than federal law, controls whether his claims were timely filed.

Sanderson Farms concedes that the district court erred in applying § 2000e-5(e) but argues that Manuel's claims are time-barred nevertheless under the applicable limitations provision, section 21.202 of the TCHRA. That section requires a complainant to file a charge of discrimination with the Commission within 180 days following the date on which the alleged unlawful employment practice occurred, and directs the Commission to dismiss a late-filed complaint as untimely.[9] The Texas Supreme Court has held that "[t]his time limit is mandatory and jurisdictional."[10] Sanderson Farms argues that, because Manuel waited until February 20, 2002 – well over 180 days after the date on which he was informed of his termination – to file his complaint with the Commission, his claims are time-barred under section 21.202.

---

[9] See TEX. LABOR CODE ANN. § 21.202 (Vernon 1996). Section 21.202 provides:
> (a) A complaint under this subchapter must be filed not later than the 180th day after the date the alleged unlawful employment practice occurred.
> (b) The commission shall dismiss an untimely complaint.

Id.

[10] Specialty Retailers, Inc. v. DeMoranville, 933 S.W.2d 490, 492 (Tex. 1996); see also Texas Parks & Wildlife Dept. v. Dearing, – S.W.3d —, 2004 WL 35543, at *4 (Tex. App. – Austin 2004, no pet. h.)("[a] complaint with the Commission must be filed no later than 180 days after the alleged unlawful employment practice occurred"); Cooper-Day v. RME Petroleum Co., 121 S.W.3d 78, 83 (Tex. App. – Fort Worth 2003, pet. filed)("[f]ailure to timely file an administrative complaint [under Section 21.202] deprives Texas trial courts of subject matter jurisdiction").

5

Manuel responds, relying on a state intermediate appellate court case, <u>Gorges Foodservice, Inc. v. Huerta</u>,[11] that his receipt of the Commission's right to sue letter creates a presumption that his complaint was filed timely. His reliance is misplaced: <u>Gorges</u> held only that, in the absence of any evidence to the contrary, a jury could infer from the plaintiff's receipt of the Commission's right to sue letter that his complaint was timely;[12] it did not hold that issuance of a right to sue letter creates a "presumption" of timeliness. Additionally, at least one Texas appellate court that addressed this precise point held that issuance of a right to sue letter from the Commission cannot confer subject matter jurisdiction over a plaintiff's complaint when the plaintiff has failed to file his charge with the Commission within 180 days after the alleged adverse employment action, as required by section 21.202.[13] Because it is undisputed that Manuel did not file his charge with the Commission until more than 180 days had elapsed

_____

[11] 964 S.W.2d 656 (Tex. App. - Corpus Christi 1997, pet. withdrawn).

[12] <u>See</u> <u>id.</u> at 664 ("[w]e hold . . . that the jury could have rationally inferred that Huerta's complaint was timely filed from the Commission's action in sending him a 'notice of right to file civil action' letter rather than dismissing his complaint pursuant to 21.202 of the Labor Code").

[13] <u>Guevara v. H.E. Butt Grocery Co.</u>, 82 S.W.3d 550 (Tex. App. -San Antonio 2002, pet. denied); <u>see</u> <u>also</u> <u>Subaru of America, Inc. v. David McDavid Nissan, Inc.</u>, 84 S.W.3d 212, 220 (Tex. 2002)("[c]ourts will not imply additional authority to [administrative] agencies, nor may agencies create for themselves any excess powers").

6

following the alleged act of employment discrimination, his claims are time-barred under the TCHRA. As such, the district court lacked subject matter jurisdiction over his action.[14]

### III. CONCLUSION

We affirm the district court's grant of summary judgment. Because we hold that Manuel's claims were time-barred, and affirm the dismissal of his action with prejudice on that ground, we do not reach the merits of his case.

AFFIRMED.

---

[14] See Jones v. Grinnell Corp., 235 F.3d 972, 974 (5th Cir. 2001)("[i]f a complainant fails to exhaust his state administrative remedies, the Texas Human Rights Act jurisdictionally bars this court from hearing the case regardless of equitable and policy concerns")(cites omitted).