**Reversed and Rendered and Opinion filed October 16, 2014.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

---

### NO. 14-14-00292-CV

---

**THE CITY OF SUGAR LAND, Appellant**

**V.**

**LEON KAPLAN, Appellee**

---

**On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause No. 12-DCV-200051**

---

## OPINION

Leon Kaplan sued his former employer, the City of Sugar Land, complaining of unlawful discrimination under the Texas Commission on Human Rights Act (the "Act" or "TCHRA"). Kaplan asserted a single claim of age discrimination in his original petition, but after the close of discovery, he amended his pleadings and added a claim of disability discrimination. The City filed a plea to the jurisdiction, arguing that the trial court lacked jurisdiction over the disability claim because Kaplan had not timely pursued his administrative remedies. The trial court denied the City's plea.

In this appeal from the denial of the plea to the jurisdiction, we hold that Kaplan was required under the Act to assert his disability claim in an administrative complaint filed within 180 days from the date of his termination. Because Kaplan did not timely assert his disability claim, and because this claim cannot relate back to Kaplan's timely filed charge of age discrimination, we conclude that the trial court lacked jurisdiction over the disability claim. We reverse the trial court's order denying the plea to the jurisdiction and render judgment dismissing the disability claim with prejudice.

## BACKGROUND

Kaplan was hired in 2005 as an administrative manager of the City's Parks and Recreations Department. The City terminated Kaplan's position on December 8, 2011, for reasons that are disputed by the parties. At the time of termination, Kaplan was 69 years of age and the oldest employee in his department.

Kaplan filed a charge of discrimination with the Texas Workforce Commission and Equal Employment Opportunity Commission ("EEOC") on or about January 18, 2012. The written charge, which was made within 180 days of the date of termination, denoted that Kaplan was complaining of only age discrimination and retaliation. Kaplan alleged that the City had subjected him to different terms and conditions of employment beginning in September 2011. At that time, the City allegedly took at least two assignments away from Kaplan without warning or explanation. In October 2011, the City allegedly informed Kaplan that it would be unable to "stretch [his] employment" through the end of 2012, when Kaplan had requested to retire.

Kaplan filed his original petition in district court on August 10, 2012, after receiving a "right to sue" letter from the EEOC. The sole cause of action alleged in the petition was age discrimination.

2

On October 9, 2013, after the discovery period had ended, Kaplan filed an amended petition alleging a new claim for disability discrimination. Kaplan asserted that he suffered from high blood pressure and diabetes, which had caused him to occasionally fall asleep or lose consciousness while on the job. Kaplan alleged that the City had failed to accommodate his disability and that it refused to acknowledge his requests to take small breaks throughout the day. Kaplan also alleged that he was ridiculed on one occasion when he took a break to close his eyes after a momentary feeling of weakness.

The City filed a plea to the jurisdiction, arguing that Kaplan had not exhausted his administrative remedies on his claim of disability discrimination. Kaplan never responded to the City's plea. Instead, Kaplan filed an amended charge of discrimination with the EEOC, alleging that the City had discriminated against him on the basis of both age and disability. The charge was filed on or about November 5, 2013, which is 698 days after the date of Kaplan's termination.

During the pendency of his administrative review, Kaplan amended his petition to remove his newly-added claim of disability discrimination. Once the EEOC had issued its second "right to sue" letter, Kaplan amended his pleadings for the third time and reasserted his claim of disability discrimination. The City countered by filing an amended plea to the jurisdiction, arguing that there was still a jurisdictional bar because Kaplan's amended charge of discrimination was untimely, having been filed more than 180 days after his date of termination.

In response to the City's plea, Kaplan argued that his charge of disability discrimination was timely because it related back to his original charge of age discrimination. Kaplan also reasoned that his disability claim was not subject to a jurisdictional bar because the Act specifically permits him to file an amended complaint that alleges additional facts. The City replied that the relation back doctrine

3

did not apply because Kaplan's charge of disability discrimination was not an "amendment" to his charge of age discrimination. The City characterized the disability claim as a separate claim that proceeded on an entirely different legal theory and set of facts than Kaplan's claim of age discrimination.

The trial court denied the City's plea to the jurisdiction, and this interlocutory appeal followed.

## STANDARD OF REVIEW

As a political subdivision of the state, the City is immune from suit absent an express waiver of governmental immunity. *See Rolling Plains Groundwater Conservation Dist. v. City of Aspermont*, 353 S.W.3d 756, 759 (Tex. 2011) (per curiam). The Act provides a limited waiver of governmental immunity when a governmental unit has discriminated in any manner against an employee on the basis of age, disability, or other protected classification. *See* Tex. Lab. Code § 21.051; *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 660 (Tex. 2008) ("*Garcia I*") (holding that "the TCHRA clearly and unambiguously waives immunity").

The Act's waiver of immunity applies only in those suits in which the plaintiff actually alleges a violation within the scope of the statute. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012) ("*Garcia II*"); *Coll. of the Mainland v. Glover*, 436 S.W.3d 384, 391 (Tex. App.—Houston [14th Dist.] 2014, pet. filed). If the plaintiff does not sufficiently plead facts that state a claim under the Act, the governmental unit may challenge the pleadings with a plea to the jurisdiction. *See Garcia II*, 372 S.W.3d at 636. The governmental unit may also use a plea to the jurisdiction to challenge the existence of jurisdictional facts. *Id.* at 635.

4

The Act requires the plaintiff to file an administrative complaint no later than 180 days after the alleged unlawful employment practice occurred. *See* Tex. Lab. Code § 21.202. This statutory requirement is a mandatory prerequisite to suit. *See* Tex. Gov't Code § 311.034; *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 513–14 (Tex. 2012). If the plaintiff does not file an administrative complaint within the time prescribed by the Act, then the claim is jurisdictionally barred. *See Chatha*, 381 S.W.3d at 514. A "right to sue" letter issued by an administrative agency does not excuse the timely complaint requirement and is insufficient to confer subject matter jurisdiction. *See Guevara v. H.E. Butt Grocery Co.*, 82 S.W.3d 550, 553 (Tex. App.—San Antonio 2002, pet. denied).

The City's plea to the jurisdiction focuses on the timing of Kaplan's second administrative charge of discrimination. By asserting that the charge was filed outside the mandatory 180-day window, the City has challenged the existence of an essential jurisdictional fact. *See Lopez v. Tex. State Univ.*, 368 S.W.3d 695, 700 (Tex. App.—Austin 2012, pet. denied).

When a plea to the jurisdiction challenges the existence of jurisdictional facts, a trial court's review of the plea mirrors that of a traditional motion for summary judgment. *See Garcia II*, 372 S.W.3d at 635. Initially, the defendant carries the burden to present evidence negating the existence of a jurisdictional fact. *Id.* at 635, 637. If it does, the plaintiff is then required to show that a disputed material fact exists regarding the jurisdictional issue. *Id.* at 635. If such a fact issue exists, the trial court should deny the plea. *Id.* But if the relevant evidence is undisputed or the plaintiff fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea as a matter of law. *Id.*

We apply a de novo standard of review to a trial court's ruling on a challenge to its subject matter jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133

5

S.W.3d 217, 228 (Tex. 2004). We take as true all evidence favorable to the nonmovant, and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.*

## ANALYSIS

The undisputed evidence reflects that Kaplan was terminated from his position on December 8, 2011, and that he subsequently filed two charges of discrimination with the appropriate administrative agencies. Kaplan asserted a single claim of age discrimination in his first charge, which was timely filed on or about January 18, 2012. In his second charge, Kaplan asserted a claim of disability discrimination, but the charge was filed outside the 180-day window, on or about November 5, 2013.

By showing that Kaplan's second charge was untimely, the City presented conclusive evidence that negated an essential jurisdictional fact. The burden then shifted to Kaplan to raise a fact issue or otherwise show that he timely exhausted his administrative remedies.

Kaplan asserts that his disability claim falls within the scope of the Act, despite the late filing of the charge, because it relates back to his claim of age discrimination. Kaplan invokes that provision of the Act which allows him to amend a charge, or "complaint" as it is termed in the statute, with "additional facts . . . relating to or arising from the subject matter of the original complaint." *See* Tex. Lab. Code § 21.201(f). If these additional facts constitute an unlawful employment practice, then the amended charge relates back to the date of the initial charge. *Id.*

Generally, amendments that raise a new legal theory of discrimination do not relate back to the initial charge of discrimination, unless the facts supporting both the amendment and the initial charge are essentially the same. *See Manning v. Chevron*

*Chem. Co.*, 332 F.3d 874, 878 (5th Cir. 2003);[1] *Univ. of Tex. v. Poindexter*, 306 S.W.3d 798, 809 (Tex. App.—Austin 2009, no pet.). When analyzing an assertion that a claim relates back, we focus on the factual statement of the initial charge because that is the "crucial element." *See Bartosh v. Sam Houston State Univ.*, 259 S.W.3d 317, 322 (Tex. App.—Texarkana 2008, pet. denied) (quoting *Preston v. Tex. Dep't of Family & Protective Servs.*, 222 Fed. App'x 353, 357 (5th Cir. 2007)). Because many complaints are made by aggrieved persons unfamiliar with the technicalities of formal pleadings, courts construe the initial charge liberally and "look slightly beyond its four corners, to its substance rather than its label." *See Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006).

Courts will not construe the charge to include facts that were initially omitted, however. *See County of Travis ex rel. Hamilton v. Manion*, No. 03-11-00533-CV, 2012 WL 1839399, at *4 (Tex. App.—Austin May 17, 2012, no pet.) (mem. op.) (citing *Harris v. Honda*, 213 Fed. App'x 258, 261 (5th Cir. 2006)). The charge must contain an adequate factual basis to put the employer on notice of the existence and nature of the claims against it. *See Santi v. Univ. of Tex. Health Sci. Ctr. at Houston*, 312 S.W.3d 800, 805 (Tex. App.—Houston [1st Dist.] 2009, no pet.). A lawsuit under the Act will be limited in scope to only those claims that were included in a timely administrative charge and to factually related claims that could reasonably be expected to grow out of the agency's investigation of the claims stated in the charge. *See Williams-Pyro, Inc. v. Barbour*, 408 S.W.3d 467, 475–76 (Tex. App.—El Paso 2013, pet. denied).

---

[1] The Texas Legislature intended for the Act to correlate with federal law in employment discrimination cases. *See* Tex. Lab. Code § 21.001. Therefore, we may look to analogous federal cases when applying the Act. *See Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003) (per curiam).

Here, the initial charge contains no factual allegation that would suggest that Kaplan was complaining about disability discrimination. The form's box for disability discrimination is unchecked, and the charge is silent on such matters as Kaplan's health problems, his requests for short breaks, and the alleged ridicule he suffered for once taking a short break. The charge supports only a claim that Kaplan was unlawfully terminated because he was the "oldest employee" in his department.

Kaplan made no factual allegation in his original complaint that could reasonably be expected to grow into a claim of disability discrimination. We therefore conclude that Kaplan's disability claim does not relate to or arise from the same subject matter of his original complaint. The relation back doctrine does not apply. *See Altman v. Key Energy Servs., LLC*, No. 2:11-CV-00495-JRG, 2012 WL 4033336, at *4 (E.D. Tex. Sept. 12, 2012) (mem. op.) (untimely charge of disability discrimination did not relate back to timely charge of age discrimination); *Fairchild v. Forma Scientific, Inc.*, 147 F.3d 567, 574–76 (7th Cir. 1998) (same).

Kaplan raises one additional argument, which focuses on the contents of an EEOC intake questionnaire. Kaplan asserts that he described the symptoms of his diabetes in this intake questionnaire, which was timely filed within 180 days of the date of his employment termination. Kaplan specifically asserts that he described one occasion in which he needed to take a break at work, and that he was humiliated by "the staff" for sitting on a couch with his eyes closed. Contending that these facts support a claim of disability discrimination, Kaplan suggests that he may satisfy the Act's exhaustion requirement through this intake questionnaire alone, even though he did not describe his disability in his initial charge of discrimination.

The Third Court of Appeals has recognized that a timely filed intake questionnaire can sometimes be used to satisfy the Act's exhaustion requirement. *See Tex. Dep't of Pub. Safety v. Alexander*, 300 S.W.3d 62, 73 (Tex. App.—Austin 2009,

8

pet. denied) (citing *Hennigan v. I.P. Petroleum Co.*, 858 S.W.2d 371, 373 (Tex. 1993) (per curiam)). Even if we were to assume that supplemental materials could be considered in this case, our record contains no copy of Kaplan's intake questionnaire. Kaplan did not attach his intake questionnaire to his response to the City's plea to the jurisdiction, nor did he argue in the trial court that his intake questionnaire created a fact issue regarding the timeliness of his complaint. We accordingly have no basis for concluding that Kaplan presented a material fact question to defeat the City's jurisdictional plea.[2]

## CONCLUSION

The trial court should have granted the City's plea to the jurisdiction because the City conclusively negated the existence of a jurisdictional fact, and because Kaplan failed to demonstrate that his untimely disability claim related back to his timely filed claim of age discrimination. We reverse the trial court's order denying the plea to the jurisdiction and render judgment dismissing Kaplan's disability claim with prejudice.[3]

/s/    Tracy Christopher
Justice

Panel consists of Chief Justice Frost and Justices Christopher and Busby.

---

[2] Kaplan identifies the intake questionnaire as an exhibit attached to his appellate brief, but the brief contains no exhibits or attachments. Even if the intake questionnaire had been attached, we could not consider it without a showing that it was part of the official record. *See Bencon Mgmt. & Gen. Contracting, Inc. v. Boyer, Inc.*, 178 S.W.3d 198, 210 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

[3] We express no opinion on Kaplan's age discrimination claim, which is outside the scope of this appeal.