# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00607-CV

**The City of Austin, Appellant**

**v.**

**Donald Baker, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
### NO. D-1-GN-14-002459, HONORABLE KARIN CRUMP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This suit arises from the 2013 restructuring of the organized crime division of the Austin Police Department ("APD"). Donald Baker alleges the City of Austin retaliated against him for reporting certain personnel decisions as possible violations of state or federal law. *See* Tex. Lab. Code § 21.055 (forbidding retaliation against a person opposing a discriminatory practice). The trial court denied the City's plea to the jurisdiction and motion for summary judgment. We will affirm the trial court's order.

## BACKGROUND

Sometime in 2013, the City of Austin began restructuring APD's organized crime division to address what the City described as longstanding inefficiency and pervasive unprofessionalism. The resulting employment actions led numerous employees to file claims of discrimination with the Texas Workforce Commission and subsequently to file suit against the City.

We addressed those discrimination claims in a separate opinion. *See Bishop v. City of Austin*, No. 03-16-00580-CV (Tex. App.—Austin June 21, 2018, no pet. h.) (affirming trial court's dismissal of claims).

When restructuring of the organized crime division began, Art Acevedo was serving as Chief of Police and Baker was commander of the division. In May of 2013, APD transferred Baker to another division, allegedly due to Baker's reluctance to implement some of the desired changes. While additional personnel decisions were ongoing, Baker heard rumors that older employees and minorities were being disproportionately affected by the restructuring. Baker alleges that, after reviewing the numbers for himself, he "immediately began voicing his concerns regarding age, race, and ethnic discrimination." It is not clear when Baker first raised these concerns, but the evidence presented by both parties reveals he had done so by the middle of July at the latest, and the City's records confirm the concerns were forwarded up the chain of command at subsequent meetings of APD leadership.

The parties provide consistent accounts of what happened next, although they disagree as to the legal significance of these facts. Baker became the subject of two internal investigations: in August of 2013 he received a written warning for failing to fully reprimand officers involved in an incident at the 2012 "Occupy Austin" protests, and in 2014 he was investigated for declining to fully reprimand an officer for her apparent failure to effectively manage her unit. The local media received a tip from an undisclosed source and reported that Baker was under scrutiny. In two decades of law enforcement, Baker had apparently never before been the subject of an internal investigation or any significant public scrutiny.

After completing these internal investigations, APD issued one or more written reprimands but took no other disciplinary action against Baker. Commander Baker then applied to serve as assistant chief but was passed over twice in favor of other candidates—once in late 2013 and again in 2014. Baker alleges that before he voiced concerns about possible discrimination, Chief Acevedo had personally encouraged him to apply for a position as assistant chief. The City responds that it simply selected the most qualified candidates for the two positions.

Baker filed a claim of retaliation with the Workforce Commission on October 17, 2014. After receiving notice of claim closure and a permission-to-sue letter, Baker sued the City under Texas Labor Code section 21.055, alleging the City had violated the Texas Commission on Human Rights Act ("TCHRA") by retaliating against him for reporting possible discrimination. The City filed a combined plea to the jurisdiction, motion for traditional summary judgment, and motion for no-evidence summary judgment, arguing that Baker has not alleged the prima facie case necessary to establish the trial court's jurisdiction over the claim. The trial court denied the motion and the City filed timely appeal.

**STANDARD OF REVIEW**

The trial court's jurisdiction is a question of law we review de novo. *Guevara v. H.E. Butt Grocery Co.*, 82 S.W.3d 550, 551 (Tex. App.—San Antonio 2002, pet. denied). "Immunity from suit bars a suit against the State unless the Legislature expressly consents to the suit." *Texas Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002); *see also Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012); *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). A governmental unit may raise the issue

3

of immunity and challenge jurisdiction "through a plea to the jurisdiction or other procedural vehicle, such as a motion for summary judgment." *Alamo Heights Indep. Sch. Dist. v. Clark*, ___ S.W.3d ___, ___, No. 16-0244, 2018 WL 1692367, at *7 (Tex. Apr. 6, 2018) (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)). "The TCHRA waives immunity, but only when the plaintiff states a claim for conduct that actually violates the statute." *Id.* (citing *Garcia*, 372 S.W.3d at 637).

The Supreme Court of Texas recently clarified the analytical framework for evaluating jurisdiction over a TCHRA claim based on circumstantial, rather than direct, evidence of retaliation. *See generally id.* If the defendant in such a case is a governmental entity and presents evidence of a legitimate, non-retaliatory justification for the disputed employment decisions—as is the case here—the plaintiff cannot establish jurisdiction by merely pleading a prima facie claim of discrimination or retaliation. *Id.* at *7. "[I]f the plaintiffs' factual allegations are challenged with supporting evidence necessary to consideration of the plea to the jurisdiction, to avoid dismissal plaintiffs must raise at least a genuine issue of material fact to overcome the challenge to the trial court's subject matter jurisdiction." *Id.* (citing *Miranda*, 133 S.W.3d at 221, 225–26). "In determining whether a material fact issue exists, we must take as true all evidence favorable to the plaintiff, indulging every reasonable inference and resolving any doubts in the plaintiff's favor." *Id.* (citing *Miranda*, 133 S.W.3d at 228).

## DISCUSSION

To overcome the City's governmental immunity and establish jurisdiction, Baker must generate a genuine issue of fact as to each element of his retaliation claim. *See id.* at *17 ("All

4

elements of a TCHRA circumstantial-evidence claim are, perforce, jurisdictional."). The elements of a retaliation claim are: "(1) [the plaintiff] engaged in an activity protected by the TCHRA, (2) [he] experienced a material adverse employment action, and (3) a causal link exists between the protected activity and the adverse action." *Id.* (citing *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 67–68 (2006), and *San Antonio Water Sys. v. Nicholas*, 461 S.W.3d 131, 137 (Tex. 2015)). The City contends Baker has not suffered an adverse employment action, arguing the back-to-back internal investigations cannot constitute adverse action because no discipline resulted from the investigation. It further contends the selection of two other candidates to serve as assistant chiefs does not qualify as adverse action because selection is "entirely discretionary" on the part of Chief Acevedo and because those two appointments were too far removed in time from Baker's initial protected activity to have been caused by that activity.

### Baker's Prima Facie Case

We begin by determining whether Baker has pleaded a prima facie case of retaliation. "[A] 'prima facie case' has a traditional legal meaning . . . . [i]t refers to evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted." *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015) (orig. proceeding) (citing *Simonds v. Stanolind Oil & Gas Co.*, 136 S.W.2d 207, 209 (1940)). Baker alleges he was wrongfully made the subject of two internal investigations and then passed over for selection as assistant chief because he reported possible discrimination to his superiors. These allegations are sufficient to make out a prima facie case.

First, Baker engaged in protected activity when he reported the possible discrimination. The City contends Baker's report was not formal enough or significant enough to fall within the

5

purview of the TCHRA, but even informal reports to superiors are protected. *See City of Waco v. Lopez*, 259 S.W.3d 147, 151 (Tex. 2008). These reports are protected even when further investigation reveals no discrimination occurred, provided that the employee genuinely believed the challenged actions were unlawful at the time of the report. *See Cox & Smith Inc. v. Cook*, 974 S.W.2d 217, 225–26 (Tex. App.—San Antonio 1998, pet. denied). Here, no one denies Baker's genuine belief discrimination was occurring. Moreover, Baker's complaints were serious enough to warrant discussion at an APD leadership meeting and to result in a revised approach to certain personnel decisions, thus weighing against the City's characterization of Baker's report as too insignificant to warrant TCHRA protection.

Second, Baker has alleged multiple adverse employment actions. An adverse employment action is any employment decision "harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a charge of discrimination" in the future. *White*, 548 U.S. at 57. An employer's decision not to promote an employee or not to select an employee for a posted vacancy constitutes an adverse action. *See Ptomey v. Texas Tech Univ.*, 277 S.W.3d 487, 492 (Tex. App.—Amarillo 2009, pet. denied) (listing "hiring" and "promoting" among types of adverse employment action (quoting *Foley v. University of Hous. Sys.*, 355 F.3d 333, 340 (5th Cir. 2003))). A baseless disciplinary investigation can also rise to the level of adverse action. *See Tingle v. Hebert*, ___ F. Supp. 3d ___, ___, No. CV 15-626-JWD-EWD, 2018 WL 1805550, at *10 (M.D. La. Apr. 16, 2018) (holding allegations of baseless investigation, as pleaded, sufficient to generate question of fact regarding adverse action under Title VII and gathering additional cases so holding). According to Baker, the 2013 investigation was unwarranted and the 2014 was "so lacking in merit"

6

that it was dismissed within a matter of weeks. Taking Baker's allegations as true, as we must, the investigations negatively impacted Baker's professional standing and ultimately factored into Chief Acevedo's decision not to select Baker as assistant chief. These investigations and their effects would likely dissuade employees from reporting future violations and therefore satisfy Baker's burden to show a prima facie adverse employment action.

Third, Baker has met his burden as to causation. "The causation standard for the . . . prima-facie-case element is not onerous and can be satisfied merely by proving close timing between the protected activity and the adverse action." *Id.* at \*17 (citing *Evans v. City of Houston*, 246 F.3d 344, 354 (5th Cir. 2001)). Baker alleges he began suffering adverse actions immediately following his report of possible discrimination in 2013 and that the adverse treatment continued through Chief Acevedo's decision to reject Baker, for the second time, as candidate for assistant chief in 2014. This temporal proximity is sufficient to satisfy Baker's burden at this stage.

***The City's Legitimate, Non-Discriminatory Explanation***

Baker has pleaded a prima facie case of retaliation, thus the City bears the burden of producing "evidence of a legitimate, nondiscriminatory reason for the disputed employment action[s]." *Id*. at \*16 (citing *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254–55 (1981)). When a claim of retaliation or discrimination is based on disputed disciplinary actions, an employer can rebut a plaintiff's prima facie case by presenting evidence of a reasonable basis for the disciplinary action and evidence that the action was consistent with any internal policies. *Weed v. Sidewinder Drilling, Inc.*, 245 F. Supp. 3d 826, 849–52 & n.23 (S.D. Tex. 2017); *see also Jackson v. Katy Indep. Sch. Dist.*, 951 F. Supp. 1293, 1300 (S.D. Tex. 1996) (finding school district's written

7

disciplinary policy and evidence of plaintiff's repeated rule violations sufficient to rebut claims of discrimination). Here, the City has produced evidence that the 2013 and 2014 internal investigations were conducted in accordance with APD policy and were justified, respectively, by the seriousness of the 2012 "Occupy Austin" incident and by APD's urgent need to ensure its commanders would provide the increased top-down supervision necessary to correct what it perceived as pervasive lack of professionalism in certain divisions of the police force.

And with respect to the selection of alternate candidates to serve as Acevedo's assistant chiefs, the City has admitted evidence, including classified personnel files, that the other candidates were equally or more qualified than Baker and suggesting that APD needed more diversity among its top leadership. "Selecting a more qualified applicant generally constitutes a legitimate, nondiscriminatory justification for a failure to hire an applicant." *Little v. Texas Dep't of Criminal Justice*, 177 S.W.3d 624, 631 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (finding evidence sufficient to rebut prima facie case and citing, in support, *Patrick v. Ridge*, 394 F.3d 311, 318 (5th Cir. 2004), and *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 881–82 (5th Cir. 2003)). Thus, the City's evidence, though not conclusive, is sufficient to rebut Baker's prima facie case of retaliation.

### Baker's Evidence of Pretext

"[I]f, as here, jurisdictional evidence rebuts the prima facie case, the entire *McDonnell Douglas* framework is fully implicated, and sufficient evidence of pretext and causation must exist to survive the jurisdictional plea." *Alamo Heights*, 2018 WL 1692367, at \*17 (referring to the burden-shifting framework first set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792

8

(1973), to evaluate Title VII claims based on circumstantial evidence of discrimination). The City's rebuttal thus "triggers the plaintiff's duty to create a fact question on the ultimate issue—whether retaliation caused the adverse employment action—to survive [the] jurisdictional challenge." *Id.* at *18. In determining whether a fact issue exists, "we cannot disregard evidence necessary to show context, and we cannot disregard evidence and inferences unfavorable to the plaintiff if reasonable jurors could not." *Id.* at *7 (citing *Miranda*, 133 S.W.3d at 228).

The City correctly observes that some of the adverse employment actions alleged by Baker occurred too early to have been rendered actionable by the Workforce Commission's permission to file civil action. In addition, the City correctly observes that any deliberate "leak" of the 2014 investigation to the media—while perhaps an adverse action in a general sense—is not an adverse employment action under the TCHRA. *See Elgaghil v. Tarrant Cty. Junior Coll.*, 45 S.W.3d 133, 142–43 (Tex. App.—Fort Worth 2000, pet. denied) ("Title VII and chapter 21 [of the Texas Labor Code] were designed to address ultimate employment decisions, not every action that occurs in the workplace that makes an employee unhappy." (citations omitted)). Nevertheless, those actions are "necessary to show context" and therefore must be considered in evaluating Baker's allegations of pretext. *Alamo Heights*, 2018 WL 1692367, at *7.

Our review of the evidence submitted by both parties, including sealed internal records, reveals a genuine question of fact as to whether Baker suffered retaliation for opposing possible discrimination. On the one hand, APD puts forth evidence that would support an inference that the disputed actions were not retaliatory. The timing of Baker's initial report of discrimination is not clear, and it appears that his transfer from organized crime to another division may have

9

preceded that report. If so, a jury might infer the City had concerns about Baker's leadership before he ever engaged in protected activity. The confidential records also support the City's characterization of the internal investigations as a critical part of APD's improvement process. Additional sealed records include some evidence to support APD's assertion that the two candidates selected for promotion were simply better qualified and better suited to serve as assistant chief.

On the other hand, competing evidence—when taken as true and reviewed in the light most favorable to Baker—would allow a reasonable juror to draw an inference of retaliation. The City's own personnel records confirm that Baker's employment history was essentially unblemished until 2013. These records also support Baker's argument that he was qualified for a position as assistant chief and that his superiors had personally encouraged him to apply for such a position until he reported the possible discrimination. The City attempts to justify the alternate appointments as an effort to increase diversity among police leadership, but one of the appointments was an older Caucasian male, much like Baker. And internal records reveal that both investigations were launched when Baker tried to defend officers he believed were being treated unfairly. Baker characterizes the defense of his officers—including a female officer and Latino officers—as the right thing to do. APD characterizes it as an act of insubordination. This is precisely the kind of fact-intensive dispute that raises material questions not appropriate for resolution at summary judgment.[1]

---

[1] *See Frias v. Atlantic Richfield Co.*, 999 S.W.2d 97, 106 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) ("Summary judgment should not be granted when the issues are inherently those for a jury, as in cases involving intent.").

We express no opinion as to whether Commander Baker can meet his ultimate burden and prevail on his claim of retaliation. But bearing in mind the context, as we must, and construing the record in favor of the plaintiff, as we must, we conclude Baker's evidence is sufficient to generate a genuine question of fact as to whether he suffered retaliation for reporting possible discrimination within the Austin Police Department. *Alamo Heights*, 2018 WL 1692367, at *7, *17. He has therefore met his burden to establish the trial court's jurisdiction over his claim, and the trial court did not err in denying the City's combined plea to the jurisdiction and motion for summary judgment.

## CONCLUSION

Having found no error in the trial court's order denying the City's motion, we affirm that order.

_____
Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Field and Bourland

Affirmed

Filed:   June 21, 2018

11