**Opinion issued August 27, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-23-00620-CV**

———————————

**HOUSTON INDEPENDENT SCHOOL DISTRICT, Appellant**

**V.**

**SUNDRA KANNADY, Appellee**

---

**On Appeal from the 125th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-73197**

---

## O P I N I O N

In this employment discrimination suit, the Houston Independent School District moved to dismiss Sundra Kannady's claims under Rule 91a of the Texas Rules of Civil Procedure. HISD argued Kannady failed to timely exhaust her administrative remedies and therefore the trial court lacked subject-matter

jurisdiction. The trial court denied HISD's motion to dismiss. We reverse the trial court's order and render judgment dismissing Kannady's claims.

## BACKGROUND

After Kannady had worked for the school district for 27 years, HISD terminated her employment on August 27, 2021. According to Kannady, HISD wrongfully terminated her despite her service as an exemplary employee. She believed her termination was the result of age or gender discrimination, or both, and she later filed a charge of discrimination with the federal Equal Employment Opportunity Commission, or EEOC.

The EEOC issued a right-to-sue letter, notifying Kannady that the agency was dismissing her charge but that she had a right to file a lawsuit against HISD within 90 days. Kannady did so. She sued HISD, alleging age and gender discrimination in violation of Chapter 21 of the Texas Labor Code.

HISD filed a motion to dismiss Kannady's claims as having no basis in law or fact under Rule 91a of the Texas Rules of Civil Procedure. HISD argued Kannady's petition showed she did not timely exhaust her administrative remedies before filing suit, which is a jurisdictional requirement, and therefore the trial court lacked subject-matter jurisdiction. The trial court denied HISD's motion to dismiss, and HISD appeals.

## DISCUSSION

## Standard of Review

Generally, governmental immunity bars suit against the State's political subdivisions like school districts. *Gulf Coast Ctr. v. Curry*, 658 S.W.3d 281, 284 (Tex. 2022); *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). A plaintiff suing a governmental unit has the burden to allege facts affirmatively demonstrating the trial court's subject-matter jurisdiction, including a waiver of immunity. *Curry*, 658 S.W.3d at 284; *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019).

A governmental unit may challenge a trial court's subject-matter jurisdiction through a Rule 91a motion to dismiss. *See* TEX. R. CIV. P. 91a; *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam); *City of Houston v. Houston Metro Sec.*, No. 01-22-00532-CV, 2023 WL 2602520, at *3 (Tex. App.—Houston [1st Dist.] Mar. 23, 2023, no pet.) (mem. op.).

Rule 91a permits a party to "move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.* The trial court may not consider evidence in ruling on a 91a motion; the trial

court must decide the motion based "solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59." TEX. R. CIV. P. 91a.6; *see also* TEX. R. CIV. P. 59 (permitting "[n]otes, accounts, bonds, mortgages, records, and all other written instruments, constituting, in whole or in part, the claim sued on" to be attached to and made part of pleadings).

We review the merits of a Rule 91a motion de novo. *Sanchez*, 494 S.W.3d at 724. "We construe the pleadings liberally in favor of the plaintiff, look to the plaintiff's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact." *Houston Metro Sec.*, 2023 WL 2602520, at *2.

Generally, we do not have jurisdiction over an appeal from an interlocutory order denying a Rule 91a motion to dismiss. *Krause v. Mayes*, 652 S.W.3d 880, 885 (Tex. App.—Houston [14th Dist.] 2022, no pet.). But Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code authorizes an interlocutory appeal of a trial court's ruling on a plea to the jurisdiction by a governmental unit, including a ruling on a Rule 91a motion to dismiss that challenges jurisdiction based on immunity. TEX. CIV. PRAC. & REM. CODE 51.014(a)(8); *San Jacinto River Auth. v. Lewis*, 572 S.W.3d 838, 839 (Tex. App.—Houston [14th Dist.] 2019, no pet.). Therefore, we have appellate jurisdiction over this interlocutory appeal.

## Applicable Law

Chapter 21 of the Texas Labor Code[1] prohibits employment discrimination because of an employee's "race, color, disability, religion, sex, national origin, or age." *See* TEX. LAB. CODE § 21.051. Before filing suit against an employer under Chapter 21, a plaintiff must exhaust her administrative remedies. *Cuadra v. Declaration Title Co., LLC*, 682 S.W.3d 628, 634 (Tex. App.—Houston [1st Dist.] 2023, no pet.); *see also Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 513–14 (Tex. 2012) ("[A] claimant can bring suit under [Chapter 21] against a governmental entity only after a claimant strictly satisfies the procedural requirements outlined in [that chapter].").

To exhaust administrative remedies under Chapter 21, a plaintiff must: (1) file a discrimination charge with either the EEOC or the Texas Workforce Commission (TWC) within 180 days of the alleged discriminatory act; (2) allow the agency 180 days to dismiss or resolve the charge; and (3) sue in the district court within 60 days of receiving a right-to-sue letter from the agency. TEX. LAB. CODE §§ 21.202, 21.208, 21.254, 21.256; *Drew v. City of Houston*, 679 S.W.3d 779, 784 (Tex. App.—

---

[1] Though some courts still refer to this chapter as the Texas Commission on Human Rights Act, TCHRA, or CHRA, the Commission on Human Rights was replaced by the Texas Workforce Commission civil rights division. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 798 n.1 (Tex. 2010). Courts often use the terms "TCHRA," "Chapter 21," and "the Act" interchangeably in opinions discussing this chapter. *Id.*; *Jones v. Tex. Dep't of Pub. Safety*, No. 03-20-00615-CV, 2022 WL 318585, at *1 (Tex. App.—Austin Feb. 3, 2022, no pet.) (mem. op.).

Houston [1st Dist.] 2023, no pet.).

Exhausting administrative remedies, including *timely* exhausting those remedies, is a jurisdictional requirement in a suit against a governmental employer. *See Drew*, 679 S.W.3d at 784; *see also Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492–93 (Tex. 1996) (per curiam). Thus, if a plaintiff fails to timely exhaust her administrative remedies, the plaintiff has failed to establish the trial court's subject-matter jurisdiction, and the court must dismiss the suit for lack of subject-matter jurisdiction. *See, e.g.*, *Chatha*, 381 S.W.3d at 514, 516 (dismissing plaintiff's Chapter 21 suit for lack of jurisdiction because plaintiff failed to timely exhaust her administrative remedies); *Drew*, 679 S.W.3d at 788 (affirming trial court's order dismissing suit for lack of jurisdiction because plaintiff failed to timely exhaust her administrative remedies).

A plaintiff cannot rely on receipt of a right-to-sue letter from the TWC or EEOC to establish subject-matter jurisdiction in a suit against a governmental employer. Under state law, a plaintiff is entitled to receive a right-to-sue letter after the "mere passage of 180 days" from filing a discrimination charge with the TWC, regardless of the proper exhaustion of administrative remedies. *See City of Houston v. Fletcher*, 63 S.W.3d 920, 923 (Tex. App.—Houston [14th Dist.] 2002, no pet.). Similarly, under federal law the EEOC *must* issue a right-to-sue letter after 180 days if the agency chooses to dismiss the plaintiff's discrimination charge instead of filing

6

suit. 42 U.S.C. § 2000e-5(f)(1). Issuing the right-to-sue letter is mandatory, regardless of the plaintiff's proper exhaustion of administrative remedies. *See id.* A right-to-sue letter from either the TWC or EEOC does not excuse the administrative requirement to timely file a discrimination charge, and the letter cannot confer subject-matter jurisdiction. *City of Sugar Land v. Kaplan*, 449 S.W.3d 577, 580 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *see also Guevara v. H.E. Butt Grocery Co.*, 82 S.W.3d 550, 553 (Tex. App.—San Antonio 2002, pet. denied) (rejecting plaintiff's argument that right-to-sue letter conferred subject-matter jurisdiction because executive agencies cannot create or confer subject-matter jurisdiction); *Fletcher*, 63 S.W.3d at 923 (concluding that right-to-sue letter is not part of exhaustion of administrative remedies).

### Analysis

In its first issue, HISD argues Kannady's pleadings show that she failed to timely exhaust her administrative remedies before filing suit, and therefore the trial court lacked subject-matter jurisdiction. Specifically, HISD argues that Kannady did not timely file her discrimination charge with the EEOC within 180 days of the alleged discriminatory practice.

In her original petition, Kannady alleged HISD terminated her employment on August 27, 2021. Thus, she was required to file a discrimination charge within 180 days of that date, at the latest. *See* TEX. LAB. CODE § 21.202 (requiring plaintiff

7

to file discrimination charge "not later than the 180th day after the date the alleged unlawful employment practice occurred"); *Drew*, 679 S.W.3d at 784 (explaining that to exhaust administrative remedies, plaintiff must file charge with TWC or EEOC within 180 days of alleged discriminatory act).

Kannady makes the conclusory allegation in her petition that she "timely filed a charge of discrimination against [HISD] with the Equal Employment Opportunity Commission." However, her petition incorporates by reference her right-to-sue letter from the EEOC. The letter, entitled "Dismissal and Notice of Rights," states:

> The EEOC is closing this charge because your charge was not filed within the time limits under the law; in other words, you waited too long after the date of the alleged discrimination to file your charge.

Kannady's petition shows she did not timely file a discrimination charge, and she therefore did not timely exhaust her administrative remedies. *See* TEX. LAB. CODE § 21.202; *Drew*, 679 S.W.3d at 784. Because *timely* exhausting administrative remedies is a jurisdictional prerequisite to suit, Kannady has failed to meet her burden to demonstrate the trial court's subject-matter jurisdiction. *See Swanson*, 590 S.W.3d at 550 (stating plaintiff has burden to affirmatively demonstrate trial court's jurisdiction); *Chatha*, 381 S.W.3d at 513–14 (concluding plaintiff's discrimination claim was jurisdictionally barred because she failed to timely file charge with TWC); *Drew*, 679 S.W.3d at 784 (stating that failure to timely file discrimination charge is jurisdictional bar to suit). Therefore, the trial court should have dismissed the suit

for lack of subject-matter jurisdiction. *See Chatha*, 381 S.W.3d at 514, 516 (dismissing plaintiff's Chapter 21 suit for lack of jurisdiction because plaintiff failed to timely exhaust her administrative remedies); *Drew*, 679 S.W.3d at 788 (affirming trial court's dismissal of plaintiff's discrimination claim because she failed to timely exhaust her administrative remedies). The trial court erred in denying HISD's motion to dismiss.

Kannady has not argued that she timely filed her discrimination charge with the EEOC. Instead, she relies on the right-to-sue portion of the EEOC letter she received.

The EEOC right-to-sue letter, after stating that the EEOC was closing Kannady's discrimination charge because she did not file the charge within the time limits under law, goes on to state the standard right-to-sue provision:

> This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.**

Kannady relies solely on the fact that she filed her lawsuit within 90 days of receiving the letter to argue the trial court had subject-matter jurisdiction. She argues that "the EEOC has the power and authority to issue letters granting . . . the right to sue, and did so here." Kannady's argument misunderstands the applicable law. Issuing a right-to-sue letter is mandatory under statute after 180 days when the

9

EEOC dismisses a discrimination charge. *See* 42 U.S.C. § 2000e-5(f)(1). An executive agency cannot create or confer subject-matter jurisdiction, and a right-to-sue letter does not excuse the requirement to timely file a discrimination charge. *Kaplan*, 449 S.W.3d at 580; *Guevara*, 82 S.W.3d at 553.

Kannady also argues that under state law, she need not have *received* the right-to-sue letter to file suit; her *entitlement* to the letter is sufficient to file suit. She is generally correct that receiving a right-to-sue letter is not a requirement to file suit. *See, e.g.*, *Fletcher*, 63 S.W.3d 923 ("[I]t is the mere entitlement to the letter that exhausts the administrative process . . . . [R]eceipt of a right-to-sue letter is not a jurisdictional requirement."); TEX. LAB. CODE § 21.252 ("Failure to issue the notice of a complainant's right to file a civil action does not affect the complainant's right under this subchapter to bring a civil action against the respondent."). But receiving a right-to-sue letter does not confer jurisdiction or excuse the administrative requirement to timely file a discrimination charge. *Kaplan*, 449 S.W.3d at 580; *see, e.g.*, *Chatha*, 381 S.W.3d at 504, 514, 516 (dismissing plaintiff's discrimination claim for lack of jurisdiction because plaintiff failed to timely file discrimination charge with TWC, despite plaintiff having received right-to-sue letter from agency).

Because Kannady's pleadings show she did not timely exhaust her administrative remedies, she failed to meet her burden to establish the trial court's subject-matter jurisdiction. *See Swanson*, 590 S.W.3d at 550; *Chatha*, 381 S.W.3d

10

at 513–14; *Drew*, 679 S.W.3d at 784. The trial court erred in denying HISD's Rule 91a motion to dismiss for lack of subject-matter jurisdiction.

We sustain HISD's first issue. Therefore, we do not need to consider HISD's second issue regarding whether Kannady adequately pled facts to support her claims. *See* TEX. R. APP. P. 47.1.

Rule 91a does not grant parties an opportunity to replead after the trial court has ruled on the motion. *Dailey v. Thorpe*, 445 S.W.3d 785, 790 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Further, the jurisdictional defect in this case cannot be cured by pleading amendment. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 837 (Tex. 2007) (in context of plea to jurisdiction, concluding that when plaintiff's pleadings cannot be cured of jurisdictional defect, plaintiff is not entitled to amend pleadings). Therefore, we deny Kannady's request to remand the case to the trial court to allow her to replead.

## CONCLUSION

We reverse the trial court's order denying HISD's Rule 91a motion to dismiss and render judgment dismissing Kannady's claims.


Gordon Goodman
Justice

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.

11