**Anne G. ARNDT, Appellant**

v.

**PINARD HOME HEALTH, INC., Appellee**

NO. 14–15–00355–CV

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed February 18, 2016

**58**

Frank Anthony King, Austin, TX, for Appellant.

Nathan A. Steadman, Mary Jane Lorkowski, Houston, TX, for Appellee.

Panel consists of Chief Justice Frost and Justices Christopher and Donovan.

## OPINION

Kem Thompson Frost, Chief Justice

In this appeal from the denial of a plea to the jurisdiction, we consider as a matter of first impression in Texas whether a state accounts examiner performing an audit of a company for the Texas Workforce Commission had authority to ask the company for the personal records of the company's owner/officer. Concluding that the state actor had the authority and that the company's suit against the actor is barred by sovereign immunity, we hold the trial court lacks jurisdiction over the suit.

### BACKGROUND

Appellant/defendant Anne G. Arndt was working as an accounts examiner for the Texas Workforce Commission. The Texas Workforce Commission assigned Arndt the audit of appellee/plaintiff Pinard Home

Health, Inc.'s records for the 2013 tax year. Arndt visited Pinard Home Health's office to retrieve the company's records. Pinard Home Health asserts it had prepared all of the documents requested in Arndt's pre-audit questionnaire, but during the course of the audit, Arndt also requested the personal bank account number, bank statements, bills, and 2013 tax return of Robert Pinard, an officer and owner of Pinard Home Health. Pinard Home Health refused to supply the documents and filed a complaint against Arndt with the Texas Workforce Commission. In response, the Texas Workforce Commission stated that it had taken appropriate action.

Pinard Home Health filed suit against Arndt, asserting an ultra vires action in which the company seeks declaratory and injunctive relief and alleges that Arndt's requests exceeded her authority as an accounts examiner for the Texas Workforce Commission. According to the company, Arndt's conduct unreasonably prolonged the audit and subjected Pinard Home Health to impermissible requests for Robert Pinard's personal information.

Arndt filed a plea to the jurisdiction in which she argued that sovereign immunity deprives the trial court of jurisdiction over Pinard Home Health's action because this action does not fall within the ultra vires exception. Arndt asserted that she had authority to take the challenged actions and that these actions were discretionary. The trial court denied Arndt's plea to the jurisdiction.

In this interlocutory appeal, Arndt asserts the trial court erred in denying her plea to the jurisdiction and that the trial court lacks subject-matter jurisdiction over Pinard Home Health's action.

## SOVEREIGN IMMUNITY

■ Pinard Home Health seeks to assert an ultra vires action against Arndt in her official capacity as an accounts examiner for the Texas Workforce Commission, alleging that Arndt lacked authority to request the personal bank account number, bank statements, bills, and federal tax return of Robert Pinard (hereinafter collectively the "Pinard Information"). Suits against employees of a state agency in their official capacity generally are barred by sovereign immunity absent a waiver of sovereign immunity. *See City of El Paso v. Heinrich,* 284 S.W.3d 366, 380 (Tex. 2009). A trial court lacks subject-matter jurisdiction over a suit barred by sovereign immunity. *Patel v. Tex. Dept. of Licensing and Regulation,* 469 S.W.3d 69, 75 (Tex.2015). Nonetheless, ultra vires suits brought to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity, even if a declaration to that effect compels the payment of money. *See Heinrich,* 284 S.W.3d at 372. Ultra vires suits do not attempt to alter government policy, but rather to enforce existing policy. *Heinrich,* 284 S.W.3d at 372.

■ Pinard Home Health seeks to assert an ultra vires suit against Arndt. But, to fall within this exception, the claimant in the suit must not complain of a government officer's exercise of discretion, but must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act. *Patel,* 469 S.W.3d at 76; *Heinrich,* 284 S.W.3d at 372. The trial court has jurisdiction over Pinard Home Health's claims if Arndt acted without legal authority in requesting the Pinard Information. *See Heinrich,* 284 S.W.3d at 372. If Arndt acted within her authority in requesting this information, then Pinard Home Health's suit is barred by sovereign immunity. *See id.* In determining this authority issue, we need not and do not address

whether Pinard Home Health or Robert Pinard could have avoided the disclosure of the Pinard Information if Arndt had subpoenaed the information and if Pinard Home Health or Robert Pinard had objected to such a subpoena. *See Stiefer v. Moers*, No. 14–14–00617–CV, 2015 WL 6950104, at *3–4 (Tex.App.–Houston [14th Dist.] Nov. 10, 2015, no pet. h.) (concluding that alleged incorrectness of actions taken by governmental official does not mean that the official lacked authority to take these actions because an action may be incorrect on the merits but still within the authority of the government official) (mem. op.). *See also Wyoming v. United States*, 279 F.3d 1214, 1229–30 (10th Cir.2002) (stating that, if a government official takes an action that is legally or factually incorrect, that action is not ultra vires if the official had authority to take the erroneous action).

### ACCOUNTS EXAMINER'S AUTHORITY

In her plea to the jurisdiction, Arndt stated that her actions were within the course and scope of her duties as an Accounts Examiner IV for the Texas Workforce Commission. In the accompanying affidavit, Arndt asserted that she was employed by the Texas Workforce Commission and that the Texas Workforce Commission tasked her with the following responsibilities:

- Contact taxpayers to secure tax reports, to collect taxes, fees or penalties, or to enforce the regulations of the Texas Labor Code regarding employee classification and unemployment taxes;
- Conduct regular and special audits and investigations to ensure legal compliance, to establish tax liability, or to clarify reports;
- Review employer payroll records to verify questionable wage data for in-dividuals filing unemployment compensation claims;
- Assist taxpayers in preparation of tax reports;
- Advise employers of appeal rights;
- Testify at formal or informal hearings or before courts of jurisdiction in tax matters;
- Locate delinquent taxpayers' property or other assets through county property rolls and other sources against which writs or executions can be used to settle judgments;
- Establish new employer accounts, assign account numbers, change addresses, close accounts, and monitor the "ACAP system";
- Supervise or act as lead worker to co-examiners assigned to complex or difficult investigations, and give advice or other technical assistance;
- Prepare affidavits or statements necessary to certify delinquent accounts to the Attorney General for collection;
- Review tax reports and field operation and audit reports for accuracy and completeness;
- Utilize statutory remedies to enforce collection of delinquent reports, taxes, and penalties;
- Furnish information by telephone or correspondence regarding tax laws and their application;
- Retrieve information via computer to determine employers' account numbers, status of accounts, tax rates and delinquencies;
- Supervise or assist in preparation of correspondence, operations, and audit finding reports;
- Present information regarding unemployment tax at group meetings, Internal Revenue Service Seminars,

and professional association meetings;

- Assist in training new personnel;
- Supervise any duties performed by team members;
- Monitor and update daily work lists to insure compliance with federal and agency guidelines and to gather statistical data;
- Act as liaison between the general public and the state office in Austin to disseminate information;
- Perform data entry, answer telephones and process incoming and outgoing mail to support field tax operations; and
- Perform related work as assigned.

Arndt averred that she was assigned to conduct an audit of Pinard Home Health's tax records for the 2013 tax year to determine whether Pinard Home Health was in compliance with the Texas Labor Code. According to Arndt's affidavit, while auditing the company, Arndt noticed that records related to Robert Pinard's compensation were not in Pinard Home Health's records. Arndt noted that Robert Pinard was an officer and owner of Pinard Home Health and the company had reported him as an employee in 2014. Arndt's affidavit states that when Arndt asked the office manager about Robert Pinard's compensation, the officer manager did not know how Robert Pinard was paid because Robert Pinard handled all payments. Arndt asked for records, including the company's tax return and the name of the company's accountant to determine Robert Pinard's compensation. Arndt explained that this information was relevant to the amount of money Pinard Home Health owed to the unemployment compensation insurance program. Pinard Home Health did not provide those documents, and Arndt did not have any records that showed disbursements to Robert Pinard or how the company compensated him.

■ On appeal, Arndt asserts she had legal authority to request the Pinard Information under Chapter 301 of the Texas Labor Code, which governs the Texas Workforce Commission. In particular, Arndt points to Labor Code section 301.071(a)(4), which authorizes a representative of the Texas Workforce Commission to "issue subpoenas to compel the attendance of witnesses and the production of books, papers, correspondence, memoranda, and other records considered necessary as evidence in connection with a disputed claim or the administration of this title." Tex. Lab.Code Ann. § 301.071(a)(4) (West, Westlaw through 2015 R.S.). The Texas Workforce Commission's authority to "conduct an investigation, assemble information, or require the submission of documentary or oral testimony is limited to the power necessary to properly administer this title." *Id.* § 301.071(b). According to Arndt, because the Texas Workforce Commission has statutory authority to administer the unemployment compensation insurance program, section 301.071(a)(4) authorizes access to any record she considers necessary to conduct an audit.

Pinard Home Health argues that the Texas Workforce Commission's authority to compel the production of documents is limited to the documents specified by Texas Labor Code section 301.081 and Texas Administrative Code tit. 40, section 815.106. No Texas court has addressed the scope of an accounts examiner's authority to request documents in this context. We first look to the statute for guidance.

Labor Code section 301.081, entitled "Employee Records of Employing Unit; Offense; Penalty," provides:

(a) Each employing unit shall keep employment records containing infor-

mation as prescribed by the commission and as necessary for the proper administration of this title. The records are open to inspection and may be copied by the commission or an authorized representative of the commission at any reasonable time and as often as necessary.

(b) The commission may require from an employing unit sworn or unsworn reports regarding persons employed by the employing unit as necessary for the effective administrative of this title.

Tex. Lab.Code Ann. § 301.081 (West, Westlaw through 2015 R.S.). Texas Administrative Code title 40, section 815.106, entitled "Records of Employing Units," provides:

(a) Each employing unit shall keep true and accurate employment and payroll records, that shall include, the name and correct address of the employing unit, and the name and address of each branch or division or establishment operated, owned, or maintained by the employing unit at different locations in Texas, and the following information for each and every individual performing services for it:

(1) the individual's name, address, and social security number;

(2) the dates on which the individual performed services for the employing unit and the state or states in which the services were performed;

(3) the amount of wages paid to the individual for each separate payroll period, date of payment of the wages, and amounts or remuneration paid to the individual for each separate payroll period other than "wages," as defined in the Act; and

(4) whether, during any payroll period the individual worked less than full time, and if so, the hours and dates worked....

(g) All records shall be kept and maintained as to establish clearly the correctness of all reports which the employing unit is required to file with the Agency and shall be readily accessible to authorized representatives of the Agency within the geographical boundaries of the State of Texas; and in the event the records are not maintained or are not available within Texas, the employing unit shall pay to the Agency the expenses and costs incurred when a representative of the Agency is required to go outside the State of Texas to inspect or audit the employing unit's records.

(h) Each employing unit, upon request by the Agency, shall furnish a job description of duties performed by any individual or group of individuals who are performing or have performed services for the employing unit.

Tex. Admin. Code Ann. tit. 40, § 815.106 (West, Westlaw through 2015 R.S.).

Texas Labor Code section 301.081 and Texas Administrative Code section tit. 40, 815.106 both describe records employing units must keep, yet neither section states that those records are the only documents an accounts examiner can request during an audit. *See* Tex. Labor Code Ann. § 301.071, Tex. Admin. Code Ann. tit. 40, § 815.106. Under section 301.071 accounts examiners are authorized to request records necessary to conduct an audit. *See id.* § 301.071(a)(4).

Arndt's affidavit and the affidavit of her supervisor conclusively prove that the Texas Workforce Commission authorized Arndt to act as its representative to conduct regular and special audits and investigations to establish tax liability or clarify reports and to audit tax reports for completeness and accuracy. As a representa-

tive of the Texas Workforce Commission, Arndt would have been authorized under section 301.701 to subpoena records to ensure Pinard Home Health's records of its employees were clear and correct. *See* Tex. Labor Code Ann. § 301.071(a)(4); Tex. Admin. Code Ann. tit. 40, § 815.106.

Without addressing whether Arndt was entitled to obtain the Pinard Information, we conclude that the evidence before the trial court on Arndt's plea to the jurisdiction conclusively proves that Arndt had the authority to request the Pinard Information.[1] *See* Tex. Labor Code Ann. §§ 301.071(a)(4), 301.081(b); Tex. Admin. Code Ann. tit. 40, § 815.106. Because the evidence proves as a matter of law that Arndt acted with legal authority in requesting the Pinard Information, Pinard Home Health's claim does not fall within the ultra vires exception, and sovereign immunity bars the claim. *See Patel*, 469 S.W.3d at 76; *Heinrich*, 284 S.W.3d at 372. As such, we sustain Arndt's argument that the trial court lacks jurisdiction over the action. *See Heinrich*, 284 S.W.3d at 368.

### CONCLUSION

We reverse the trial court's order denying Arndt's plea to the jurisdiction and render judgment dismissing for lack of subject-matter jurisdiction all the claims asserted by Pinard Home Health against Arndt. *See City of Sugar Land v. Kaplan*, 449 S.W.3d 577, 583 (Tex.App.–Houston [14th Dist.] 2014, no pet.).

1. Arndt's authority to request the Pinard Information does not compel the conclusion that Pinard Home Health or Robert Pinard had no way to avoid the disclosure of the Pinard Information if Arndt had subpoenaed the information, an issue we do not address in this opinion. *See Stiefer*, 2015 WL 6950104, at *3–4. Similarly, we do not address whether or how the Texas Workforce Commission could penalize Pinard Home Health for failing to provide requested documentation.