**Affirmed and Memorandum Opinion filed October 15, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00010-CV

### MARGARET FIELDS, Appellant

### V.

### HOUSTON INDEPENDENT SCHOOL DISTRICT, Appellee

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-86461**

## MEMORANDUM OPINION

Appellant Margaret Fields filed suit against appellee Houston Independent School District (HISD) alleging that HISD (1) discriminated against her on the basis of appellant's race, and (2) retaliated against her in violation of the Texas Commission on Human Rights Act (TCHRA) after she made complaints regarding the alleged discrimination. *See* Tex. Lab. Code §§ 21.051; 21.055. HISD eventually filed a plea to the jurisdiction, which the trial court granted. Appellant appealed the trial court's dismissal of her claims. Concluding that the trial court

did not err when it granted HISD's plea, we affirm.

## BACKGROUND

Appellant, who is African-American, initially worked for HISD as a substitute teacher. Appellant wanted to become a full-time teacher for HISD so she enrolled as a teacher intern in HISD's alternative-certification program. If the teacher intern successfully completes the alternative-certification process, she may apply for a standard teaching certificate. Once enrolled in the program, appellant received a one-year probationary teacher's certificate and she was assigned to work as a fourth-grade teacher intern at Lewis Elementary School for the 2014-2015 academic year. The probationary internship normally lasts one academic year.

HISD assigns a Teacher Development Specialist to each alternative-certification teacher intern. As part of the alternative-certification process, the teacher intern is expected to prepare and post daily lesson plans, submit reflection forms, and work with her Teacher Development Specialist to develop her skills as a teacher. The Teacher Development Specialist in turn is expected to work closely with the teacher intern by reviewing the teacher intern's written papers, observing the teacher intern's classroom activities, providing written feedback and additional resources as needed. The principal at the teacher intern's assigned school, as the teacher intern's supervisor, also plays a role in the development of the teacher intern. Shanna Morgan served as appellant's Teacher Development Specialist during appellant's first year at Lewis Elementary. Tonya Woods served as the principal at Lewis Elementary during appellant's first year. Both Morgan and Woods are African-American.

HISD operated an alternative-certification committee which makes the final decision whether to award a teacher intern a standard teaching certificate. The teacher intern's Teacher Development Specialist and the school principal submit

paperwork to the committee making one of the following recommendations: (1) fully certify the teacher intern; (2) extend the probationary internship; or (3) dismiss the teacher intern from the program. The committee then reviews and evaluates the Teacher Development Specialist's and the principal's recommendations, the teacher intern's work during the program, and the teacher intern's certification exams before making the final decision.

Appellant began experiencing performance issues early in her internship. Woods placed appellant on a Prescriptive Plan for Assistance (PPA)[1] in an effort to improve appellant's performance by providing additional resources and support. Woods noted numerous specific areas where appellant needed to improve her performance. Appellant, however, did not improve her performance in the specified areas. Indeed, on March 12, 2015, Morgan notified appellant that her standing with the alternative certification program was changed from "good" to "poor" because of appellant's "unsatisfactory progress towards State certification." Morgan further notified appellant of specific areas where appellant needed to improve for removal of her "poor" standing. While appellant alleged in her petition that Woods told her that she had successfully completed the PPA, appellant does not cite any documentary evidence in the appellate record supporting that allegation. Instead, the evidence in the record indicates that at the

---

[1] HISD explains the function of a PPA as follows:

An appraiser shall create a [PPA] for any teacher whose job performance becomes a concern as evidenced through walk-throughs and observations aligned to the instructional practice rubric. Teachers shall acknowledge receipt of the PPA within ten working days from receipt of the plan.

The PPA form shall outline the focus areas for development, specific development activities and action steps, and expected changes in behavior or performance outcomes.

The PPA shall be considered complete when the teacher's performance exhibits the expected change as noted by the appraiser.

end of the 2014-2015 academic year, Morgan believed appellant had not shown the required level of improvement and recommended that appellant should not receive full state certification and instead be offered an extension of the teacher intern program.

Appellant's alternative-certification committee included Morgan, Natalie Rubio, Ivannia Recio, Viviana Lopez, and Sybil Mason. The committee recommended that appellant not be fully certified, and that she instead be offered an internship extension. On June 4, 2015, the committee sent appellant a letter notifying appellant of their decision. On August 21, 2015, HISD notified appellant that, "[t]o ensure your success at the beginning of your second year extension, you are being placed on a targeted, 90-day extension plan with the Effective Teacher Fellowship ACP." The notification further informed appellant of the requirements she had to meet and the deadline by which she had to achieve them. The notification letter concluded by informing appellant that "[c]ontinued failure to meet performance expectations will result in program exit without certification." Appellant signed that she had received the notification letter.

On June 25, 2015, appellant filed a grievance pursuant to HISD's employee grievance policies. Appellant's grievance concerned her frustration with Woods' and Morgan's multiple requests for appellant to revise her lessons plans. Appellant complained that their requests violated HISD's policy governing the imposition of excessive paperwork requirements on classroom teachers. Appellant also complained that she had received contradictory instructions during her teacher internship and further complained about Morgan recommending that the alternative-certification committee not certify appellant at the end of the 2014-2015 school year. Appellant did not, however, include any complaint in her grievance that she had experienced discrimination based on her race or that she had

4

experienced retaliation of any kind.

Appellant accepted the internship extension and returned to Lewis Elementary. Lewis Elementary had a new principal, Marlen Martinez, for the 2015-2016 academic year. Martinez identifies as Hispanic. As a new principal, Martinez observed and evaluated all of the Lewis Elementary teachers, including appellant.

Martinez observed appellant's performance numerous times and offered written feedback regarding her observations. Martinez determined that appellant demonstrated weaknesses in several appraisal areas. As a result, Martinez placed appellant on a PPA on October 19, 2015. As part of the PPA, Martinez continued to observe appellant's classroom performance and offered additional written feedback in an effort to help appellant improve. As appellant's 90-day teacher internship moved toward completion, Martinez observed appellant a final time on December 1, 2015. Appellant earned the lowest possible score on all instructional areas Martinez observed.

Viviana Lopez, who identifies as Hispanic, served as appellant's Teacher Development Specialist during appellant's internship extension. Lopez worked with appellant and observed appellant teaching to assist appellant in improving her teaching performance. Lopez determined that appellant struggled in several critical teaching areas. In November 2015, appellant's performance was below the alternative-certification program's minimum requirements for certification. In addition, Lopez scored appellant as below average in all instructional and development criteria.

Appellant's alternative-certification committee during the 2015-2016 academic year consisted of Natalie Rubio, Bonnie Schumacher, Lopez, and Sybil Mason. The committee reviewed the relevant paperwork and determined that

5

appellant had "failed to improve her performance scores as required and dismissed her from the Program." The alternative-certification program notified appellant of the decision in a December 18, 2015 letter. The letter further notified appellant that her probationary teaching certificate had not expired and that she had "30 calendar days from today to enroll in another [alternative certification program] and present a Statement of Eligibility Form to Antanita Harvey." Finally, the letter notified appellant of the deadline for the submission of proof that she had enrolled in a new alternative-certification program. When appellant failed to meet that initial deadline, she was given a ten-day extension to submit the required paperwork.

Appellant did not notify HISD that she had enrolled in a new alternative-certification program. As a result, appellant's probationary teaching certificate expired on January 17, 2016. Since she no longer had a valid teaching certificate, HISD could not employ appellant as a full-time teacher of record. HISD transferred appellant to the "Associate Teacher Pool" effective January 28, 2016. HISD further notified appellant that this change would affect her "pay, benefits and leave time."

On January 7, 2016, Fields filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Texas Workforce Commission. Appellant alleged that HISD discriminated against her on the basis of her age and race in violation of Title VII of the Civil Rights Act ("Title VII"), the Age Discrimination in Employment Act, and Chapter 21 of the Texas Labor Code. Appellant's discrimination complaint states in its entirety:

> I began my employment with the school district on August 2014 and I currently hold a Teacher position earning a yearly salary of $49,500. I never received any verbal counseling or write up during my tenure. On October 12, 2015, I was placed on a Prescriptive Plan for

6

Assistance (PPA) with no prior support or end date. I was given incorrect feedback on areas needed to improve or to fulfill my PPA requirements. After being placed on the PPA, I received a public reprimand which disclosed student data. On December 15, 2015, I was reprimanded for not submitting my GT recommendations in a timely manner. Rumor in the school is that the Principal is trying to hire mostly Hispanic teachers and get rid of the African American personnel.

I believe I am being discriminated against because of my race, Black in violation of Title VII of the Civil Rights Act of 1964, as amended and my age in violation under the Age Discrimination in Employment Act.

Appellant checked two boxes on her complaint regarding what she alleged the discrimination was based on: (1) Race and (2) Age. The EEOC and the TWC dismissed appellant's charge and issued appellant a right to sue letter.

Appellant filed suit against HISD alleging that HISD discriminated against her on the basis of her race and retaliated against her because she had opposed a discriminatory practice. HISD filed an answer and a plea to the jurisdiction. Among other defenses, HISD alleged that appellant had failed to exhaust her administrative remedies and that the trial court lacked subject matter jurisdiction because appellant could not establish a prima facie claim under Chapter 21 of the Texas Labor Code.

Appellant's attorneys moved to withdraw less than six months after appellant filed suit. According to the affidavit attached to the motion, appellant "requested termination of the attorney-client relationship on April 9, 2018. After reviewing her letter, it was determined that further representation was unfeasible." A new attorney, Landon Keating, took over as appellant's attorney.

To comply with the trial court's docket control order, HISD set the oral hearing on HISD's plea to the jurisdiction on December 3, 2018. In early

7

November, appellant and HISD executed and filed a Rule 11 agreement in which (1) HISD agreed that it would not oppose appellant's planned motion for continuance requesting a 90-day extension of all remaining deadlines in the trial court's docket control order, and (2) appellant agreed that she would not seek to delay the December 3, 2018 hearing on HISD's plea to the jurisdiction. On November 7, 2018, appellant filed her unopposed motion for continuance. In the motion, Keating notified the trial court that he intended to withdraw as appellant's counsel and he asked the trial court for a 90-day continuance of the remaining docket control deadlines to give appellant time to prepare for trial. Keating also notified the trial court that appellant consented to the continuance.

On November 12, 2018, appellant sent Keating a letter accusing him of incompetence, negligence, fraud, sabotage, and an "indecorous advance" toward her. Appellant's letter continued that she was in agreement with Keating's motion to withdraw and that she was "requesting [Keating] file a Motion for Withdrawal of Counsel and appropriately describe our reasons for dissolving our attorney-client relationship (Irreconcilable differences)." Appellant also demanded that Keating refund $2,000 out of the original $4,000 retainer she had paid. Keating filed a motion to withdraw the same day, 21 days before the scheduled hearing on HISD's plea to the jurisdiction. In his motion to withdraw, Keating notified the trial court that appellant had terminated him and asked Keating to file a motion to withdraw. Keating, in compliance with appellant's wishes, also informed the trial court that a "fundamental and unalterable disagreement over the method and strategy employed in prosecuting [appellant's] case" had developed. Keating stated that the disagreement affected "the very basis of the attorney-client relationship and impairs both counsel's ability to exercise his best professional judgment and the [appellant's] right to the effective assistance of counsel." The

8

trial court granted the motion on November 21, 2018, twelve days before the scheduled hearing on HISD's plea to the jurisdiction.

On November 15, 2018, HISD filed its plea to the jurisdiction to which it attached extensive evidence, including the transcript from appellant's deposition. In this plea, HISD expanded on the arguments initially raised in the plea to the jurisdiction it had included in its original and amended answers. Appellant, now acting pro se, filed a response to the plea. Appellant also filed, in violation of the parties' Rule 11 agreement, a motion to continue the oral hearing on HISD's plea to the jurisdiction. Appellant attached her letter demanding Keating's withdrawal from the case to her motion. In that letter, appellant notified Keating that she was in agreement with his motion to withdraw. The trial court held the oral hearing on HISD's plea to the jurisdiction as scheduled. The trial court subsequently granted the plea and dismissed appellant's claims with prejudice on December 11, 2018. This appeal followed.

## ANALYSIS

Appellant raises four issues on appeal which she addressed together as a single issue challenging the trial court's dismissal of her claims against HISD and the trial court's decision allowing appellant's counsel to withdraw. We address each argument raised within appellant's consolidated issue in turn.

## I. Standard of review for pleas to the jurisdiction

As a governmental unit, HISD is immune from suit absent an express waiver of governmental immunity. *See Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018) ("Governmental units, including school districts, are immune from suit unless the state consents."). The TCHRA provides a limited waiver of that immunity when a governmental unit has discriminated in any

manner against any employee on the basis of race, gender, or other protected classification, or has retaliated against the employee for opposing or complaining of such discrimination. *Harris Cty. Hosp. Dist. v. Parker*, 484 S.W.3d 182, 191 (Tex. App.—Houston [14th Dist.] 2015, no pet.). The TCHRA's immunity waiver applies only if the plaintiff alleges a violation within the scope of the statute. *Clark*, 544 S.W.3d at 770; *Parker*, 484 S.W.3d at 191. If the plaintiff does not sufficiently plead facts that state a claim under the TCHRA, the governmental unit may challenge the pleadings with a plea to the jurisdiction. *Parker*, 484 S.W.3d at 191. The governmental unit may also use a plea to the jurisdiction to challenge the existence of jurisdictional facts. *Id*.

Immunity from suit may be asserted through a plea to the jurisdiction or other procedural vehicle, such as a motion for summary judgment. *Clark*, 544 S.W.3d at 770. A jurisdictional plea may challenge the pleadings, the existence of jurisdictional facts, or both. *Id.* When a jurisdictional plea challenges the pleadings, we determine if the plaintiff has alleged facts affirmatively demonstrating subject-matter jurisdiction. *Id.* If, however, the plea challenges the existence of jurisdictional facts, we move beyond the pleadings and consider evidence when necessary to resolve the jurisdictional issues, even if the evidence implicates both subject-matter jurisdiction and the merits of a claim. *Id.*

Here, HISD's plea challenged the existence of jurisdictional facts with supporting evidence. In that situation, the standard mirrors that of a traditional summary judgment. *Id.* at 771. If the plaintiff's factual allegations are challenged with supporting evidence necessary to consideration of the plea to the jurisdiction, to avoid dismissal, the plaintiff must raise at least a genuine issue of material fact to overcome the challenge to the trial court's subject matter jurisdiction. *Id.* When the evidence submitted to support the plea implicates the merits of the case, we

10

take as true all evidence favorable to the plaintiff, indulging every reasonable inference and resolving any doubts in the plaintiff's favor. *Id.* In doing so, however, we cannot disregard evidence necessary to show context, and we cannot disregard evidence and inferences unfavorable to the plaintiff if reasonable jurors could not. *Id.*

We review a trial court's disposition of a jurisdictional plea de novo. *Suarez v. City of Texas City*, 465 S.W.3d 623, 632 (Tex. 2015).

## II. Appellant met the exhaustion of administrative remedies requirement.

Appellant initially argues that, to the extent the trial court granted HISD's plea to the jurisdiction based on an alleged failure to exhaust administrative remedies, it erred because she complied with that requirement before filing suit. While HISD does not dispute appellant timely filed a Charge of Discrimination, it still argues that she did not exhaust administrative remedies because appellant filed her complaint prior to her alleged termination by HISD and also because she did not mention discriminatory termination or retaliation in her Charge of Discrimination.

A lawsuit under the TCHRA is limited to the claims made in the charge or complaint filed with TWC and factually related claims that can reasonably be expected to grow out of the TWC's investigation. *Alief Indep. Sch. Dist. v. Brantley*, 558 S.W.3d 747, 756 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

The legislature has mandated that all statutory prerequisites to suit are jurisdictional requirements in suits against governmental entities. *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 510 (Tex. 2012); *Metro. Transit Auth. of Harris Cty. v. Douglas*, 544 S.W.3d 486, 492 (Tex. App.—Houston [14th Dist.]

11

2018, pet. denied). The TCHRA requires a person claiming to be aggrieved by an unlawful employment practice to file a charge with the TWC or the EEOC within 180 days of the alleged unlawful employment practice. Tex. Lab. Code § 21.201(a), (g). Thus, filing a timely charge with the TWC or the EEOC is generally a jurisdictional prerequisite to filing suit for unlawful employment practices against a governmental entity. *Chatha*, 381 S.W.3d at 511–12, 514; *see also Douglas*, 544 S.W.3d at 492. A plaintiff's lawsuit under the TCHRA will be limited in scope to only those claims that she included in a timely administrative charge and to factually-related claims that could reasonably be expected to grow out of the agency's investigation of the claims stated in the plaintiff's charge. *City of Sugar Land v. Kaplan*, 449 S.W.3d 577, 582 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Additionally, in *Douglas*, this court determined that a plaintiff such as appellant is not required to file a new Charge of Discrimination to allege discriminatory discharge or retaliation if those claims are factually related to claims that were previously included in a Charge of Discrimination. 544 S.W.3d at 498–99 (citing *Gupta v. E. Tex. State Univ.*, 654 F.2d 411, 414 (5th Cir. 1981)). Because appellant's discriminatory discharge and retaliation claims are factually related to the claims she made in her Charge of Discrimination, we conclude that she was not required to file an additional Charge of Discrimination on those claims in order to exhaust administrative remedies. *Douglas*, 544 S.W.3d at 499.

III. **The trial court did not err when it granted HISD's plea to the jurisdiction.**

A. **Appellant's discrimination claim**

Appellant argues that she pleaded the elements of a prima facie case of discrimination, and once HISD produced evidence that its actions were non-discriminatory, she "showed that [HISD's] claims were pretextual." HISD

12

responds that, even if appellant established a prima facie case of racial discrimination, it rebutted the presumption of discrimination by producing evidence of legitimate non-discriminatory reasons for its decisions regarding appellant's employment, and appellant did not meet her burden to then present evidence that HISD's reasons were pretextual. We agree with HISD.

Discrimination cases under the TCHRA can be established with either direct or circumstantial evidence. *Clark*, 544 S.W.3d at 782. The three-part burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), enables an employee to establish discrimination with circumstantial evidence. *Clark*, 544 S.W.3d at 782. If the employee can establish a prima facie case of discrimination, a rebuttable presumption of discrimination arises, which can alone sustain a discrimination claim. *Id.* The employer, however, can defeat this presumption merely by producing evidence of a legitimate, non-discriminatory reason for the disputed employment action. *Id.* Once rebutted, the presumption disappears, and an employee lacking direct evidence cannot prove a statutory violation without producing evidence that the employer's stated reason is false and a pretext for discrimination. *Id.* In both direct and circumstantial evidence cases, the burden of persuasion always remains with the employee. *Id.* To prevail on a claim of discrimination in the absence of direct evidence, the plaintiff must establish that she (1) is a member of a protected class, (2) was qualified for her position, (3) was subject to an adverse employment decision, and (4) was treated less favorably than similarly situated persons not in the protected class. *Tooker v. Alief Indep. Sch. Dist.*, 522 S.W.3d 545, 551 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

Assuming without deciding that appellant has established a prima facie case of discrimination with regard to HISD's decisions impacting her employment, we

conclude that HISD produced evidence of legitimate, nondiscriminatory reasons for its actions thereby rebutting any presumption of discrimination. This evidence, summarized above, established non-discriminatory, performance-based reasons for HISD's decisions impacting appellant's employment. Once HISD presented evidence rebutting the prima facie case, appellant was required to present sufficient evidence of pretext to survive HISD's jurisdictional plea. *See Clark*, 544 S.W.3d at 783. In her brief, appellant points out several documents that she contends met her burden.

The first document is a September 8, 2016 Field Supervisor/Coach Observation Report completed at Hunters Glen school in Fort Bend Independent School District. It states, in part, "Great Job, Ms. Fields! Your classroom management is very good and you have incorporated some excellent techniques to keep students engaged." We conclude this report, dated months after appellant's internship at HISD ended, and for her work at a different school in another school district, does not establish that HISD's reasons were pretextual, or that discrimination was a motivating factor in HISD's actions toward appellant. *See Brantley*, 558 S.W.3d at 760–61 ("Brantley not only failed to refer the trial court to any evidence in support of this argument, but also, he has not shown how such evidence establishes pretext or that gender or race was a motivating factor in his termination.").

The second group of documents cited by appellant are alleged statements from some of her fellow teachers at Lewis Elementary. The first, an unsigned letter emailed to appellant, contains the conclusory statement that the author "experienced harsh discriminatory, malicious, and fabricated leadership" during the 2015-2016 academic year. The second is another unsigned letter from the same author that reported actions by principal Martinez that the letter's author

believed demonstrated discriminatory treatment against African-American teachers at Lewis Elementary. Neither of these unsworn letters establish a fact-issue on whether HISD's stated reasons for its treatment of appellant were pretextual or that discrimination was a motivating factor. *See Thanh Le v. North Cypress Med. Ctr. Operating Co., Ltd.*, No. 14-16-00314-CV, 2017 WL 1274241, at *6 (Tex. App.—Houston [14th Dist.] April 4, 2017, no pet.) (mem. op.) ("Le's unsworn assertions in his response that he suffered economic harm or detriment as a result of North Cypress's lawsuit are merely conclusory statements that do not constitute competent summary judgment evidence."); *Hou-Tex, Inc. v. Landmark Graphics*, 26 S.W.3d 103, 112 (Tex. App.—Houston [14th Dist.] 2000, no pet.) ("To be considered by the trial or reviewing court, summary judgment evidence must be presented in a form that would be admissible at trial."). The remainder of the statements are short emails that state the senders either transferred away from Lewis Elementary or resigned from HISD. None cite discriminatory conduct as the reason for their actions and thus do not support appellant's argument that HISD's proffered reasons are pretextual.

We conclude that HISD presented evidence rebutting the presumption of discrimination in this case by producing evidence of legitimate non-discriminatory reasons for its decisions regarding appellant and that appellant did not meet her burden to present jurisdictional evidence raising a fact-issue on the question whether HISD's stated reasons were pretextual. As a result, we conclude that the trial court did not err when it granted HISD's plea to the jurisdiction on appellant's discrimination claim.

## B. Appellant's retaliation claim

We turn next to appellant's retaliation claim. "To establish a prima facie case of retaliation, an employee must show: (1) she engaged in an activity

protected by the TCHRA, (2) she experienced a material adverse employment action, and (3) a causal link exists between the protected activity and the adverse action." *Clark*, 544 S.W.3d at 782. If the defendant presents jurisdictional evidence rebutting the prima facie case, the presumption disappears and there is no evidence of illegal intent. *Id.* at 785. At that point, the burden shifts to the plaintiff to come forward with evidence showing either (1) the stated reasons were a pretext for discrimination, or (2) even though the reasons were true, discrimination was another "motivating" factor. *See Clark*, 544 S.W.3d at 783–84; *Parker*, 484 S.W.3d at 200. When, as here, the jurisdictional evidence rebuts the prima facie case, sufficient evidence of pretext must exist to survive the jurisdictional plea. *See Clark*, 544 S.W.3d at 783.

Appellant asserts that she established a prima facie retaliation claim against HISD. Appellant continues that when conducting a jurisdictional analysis in a retaliation case, we are limited to examining whether the plaintiff has shown a prima facie case. Appellant cites *KIPP, Inc. v. Whitehead*, 446 S.W.3d 99, 112–13 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) in support of this proposition. While *KIPP* certainly states that proposition, the Texas Supreme Court expressly disapproved of this holding in *Clark*. *See Clark*, 544 S.W.3d at 784, n.105 ("We thus disapprove of those cases limiting the jurisdictional inquiry to the prima-facie-case element of a TCHRA circumstantial-evidence case."). Thus, all elements of a circumstantial-evidence retaliation claim are jurisdictional, and appellant was required to come forward with evidence that HISD's stated reasons were pretextual. *Clark*, 544 S.W.3d at 783 ("[I]f, as here, jurisdictional evidence rebuts the prima facie case, the entire McDonnell Douglas framework is fully implicated, and sufficient evidence of pretext and causation must exist to survive the jurisdictional plea."). Appellant has not pointed out on appeal any evidence that

HISD's reasons for its actions toward her were pretextual. As a result, we conclude that she has not met her jurisdictional burden and the trial court did not err when it granted HISD's plea to the jurisdiction on appellant's retaliation claim.

**III. The trial court did not abuse its discretion when it granted appellant's motion for continuance, when it allowed appellant's attorney to withdraw, nor when it denied her motion for continuance of the plea to the jurisdiction hearing.**

Next, appellant argues that the trial court abused its discretion when it (1) granted her own motion for continuance of all remaining docket-control deadlines; (2) granted her counsel's motion to withdraw, and (3) denied her motion for continuance of the plea to the jurisdiction hearing. We review each for an abuse of discretion. *In re C.F.*, 565 S.W.3d 832, 843 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). We turn first to the trial court's granting of appellant's motion for continuance of all docket-control deadlines.

Appellant filed an unopposed motion for continuance on November 7, 2018. At that time HISD's plea to the jurisdiction was already set for oral hearing on December 3, 2018. In the motion, appellant notified the trial court that her counsel intended to withdraw from the case and she explained to the trial court that she was asking for "additional time to properly review the case file, conduct any additional discovery, and prepare for trial." Appellant did not ask the trial court for more time because she wished to retain new counsel. Appellant then asked the trial court to "enter a new Docket Control Order extending all deadlines by at least 90 days." The motion specifically states that appellant "consents to this continuance." Appellant's motion addressed only pending docket-control deadlines, it did not ask for an extension of any approaching hearings on motions such as HISD's pending plea to the jurisdiction. The trial court granted the motion. Because the trial court granted appellant the relief she requested, she cannot now complain about it on

17

appeal. *See Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005) (stating that "a party cannot complain on appeal that the trial court took a specific action that the complaining party requested.").

Next, appellant complains that the trial court abused its discretion when it granted her second attorney's motion to withdraw as her counsel. An attorney may withdraw from representing a party only upon written motion for good cause shown. Tex. R. Civ. P. 10. Appellant does not dispute that Keating met both requirements found in Rule 10. Indeed, she notified the trial court that she had terminated Keating, her second attorney, due to malpractice and unethical behavior. In addition, Rule 1.15(a) of the Texas Rules of Professional Conduct required Keating to withdraw from representing appellant because she had terminated his representation. *See* Tex. Disciplinary Prof'l Conduct R. 1.15(a)(3), *reprinted in* Tex. Gov't Code Ann. tit. 2, subtit. G, app. A (Tex. State Bar R. art. X, § 9) (requiring lawyer to withdraw if "the lawyer is discharged, with or without cause"). While ordinarily an attorney may not withdraw unless the withdrawal can be accomplished without a materially adverse effect on the client's interests, that limitation did not apply to Keating because paragraph (b) provides an exception when withdrawal is required by paragraph (a) of the rule. *Id.* Because Keating was required to withdraw from representing appellant, we cannot say that the trial court abused its discretion when it granted his motion and permitted him to do so.

Finally, appellant argues that the trial court abused its discretion when it denied her motion for continuance of the plea to the jurisdiction hearing.[2]

---

[2] There is no order denying appellant's motion for continuance of the hearing on HISD's plea to the jurisdiction in the appellate record. Because it is undisputed that the hearing occurred as scheduled on December 3, 2018, we conclude that the trial court implicitly denied appellant's motion when the trial court proceeded with the hearing. *See Munz v. Schrieber*, No. 14-17-00687-CV, 2019 WL 1768590, at *10 (Tex. App.—Houston [14th Dist.] April 23, 2019, no pet.) (mem. op.).

Appellant used a pre-printed form that included check boxes and blanks. In her motion, appellant checked the boxes notifying the trial court that she was asking for the continuance because (1) she needed "time to get legal advice and get ready to represent myself at the hearing;" and (2) she "was not given adequate and reasonable notice of the hearing, as I was made aware of the hearing on 11/6/2018. The attorney of record for me was terminated due to mal-practice and unethical behavior; however, I have requested my entire case file from him, but I have not received it. Therefore I am requesting a continuance so I can prepare for the hearing." Appellant did not, however, check the box asking the trial court for a continuance because she needed "time to hire a lawyer." Appellant also did not verify the motion or support it with an affidavit.

As mentioned above, appellant and HISD signed a Rule 11 agreement in which HISD agreed it would not oppose appellant's motion for continuance seeking an extension of the deadlines contained in the trial court's docket control order and appellant agreed she would not seek a delay in the previously-scheduled hearing on HISD's plea to the jurisdiction. Appellant has not challenged that Rule 11 agreement on appeal. Therefore, because there was a valid Rule 11 agreement in place in which appellant agreed that she would not seek a continuance of the oral hearing on HISD's plea to the jurisdiction, we cannot say that the trial court abused its discretion when it impliedly denied appellant's motion for continuance. *See Fortis Benefits v. Cantu*, 234 S.W.3d 642, 651 (Tex. 2007) (stating that trial courts have a duty to enforce Rule 11 agreements); *City of San Antonio v. En Segundo, Ltd.*, 227 S.W.3d 237, 241 (Tex. App.—San Antonio 2007, no pet.) (stating that trial court did not abuse discretion when it denied motion to continue hearing that had been set pursuant to Rule 11 agreement).

Even without the Rule 11 agreement, we conclude that the result would be

19

the same. Rule 251 requires, among other things, that motions for continuance be "supported by [an] affidavit." Tex. R. Civ. P. 251. Generally, when a movant fails to file a written motion for continuance supported by an affidavit, we presume that the trial court did not abuse its discretion when it denied the motion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). We do not, however, apply that presumption to a pro-se movant who, without fault, has experienced the withdrawal of counsel. *Id.* That is not the situation here.

When exercising its discretion over whether to grant or deny a continuance based on withdrawal of counsel, a trial court may consider the entire procedural history of the case. *In re Harrison*, 557 S.W.3d 99, 119 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). Previously Keating had notified the trial court that he sought to withdraw from the case because there was a fundamental disagreement between appellant and himself regarding the method and strategy to be employed in appellant's case. Keating also notified the trial court that appellant "has substantially failed to meet her financial obligations to" him and had asked to switch to a contingent fee method for compensating Keating. Appellant does not dispute that she and Keating fundamentally disagreed about the best method to proceed with her case. Appellant also does not deny that there was a disagreement regarding the fees to be paid for Keating's legal services or her effort to convert her agreement with Keating to a contingency-fee basis. Finally, the trial court could consider the fact that appellant's original counsel withdrew from representing appellant because "the attorney-client relationship [had] become unworkable." Based on this, we cannot conclude that the trial court abused its discretion when it impliedly denied appellant's motion for continuance. *See id.* at 119–20 (concluding that trial court did not abuse discretion when it denied motion for continuance because movant had not demonstrated that her counsel's

20

withdrawal was through no fault of movant's).[3]

We overrule appellant's arguments challenging the trial court's application of its discretion.

## CONCLUSION

Having overruled appellant's issues on appeal, we affirm the trial court's order dismissing appellant's lawsuit against HISD.


/s/     Jerry Zimmerer
          Justice


Panel consists of Justices Christopher, Wise, and Zimmerer.

---

[3] In the final paragraph of appellant's brief appellant states that "Judge Burke erred in refusing to allow plaintiff to object on the record. The judge also erred in refusing to accept plaintiff's motion for continuance on the plea to the jurisdiction and her accompanying exhibits." We conclude that appellant has presented nothing for our review in this paragraph. First, the continuance motion and exhibits appear in the appellate record. Second, with respect to the first sentence, appellant has not adequately set forth the alleged error, has not provided any type of legal argument supported by citations to the record or to legal authority. Accordingly, we conclude that she has waived any alleged error due to inadequate briefing. Tex. R. App. P. 38.1(i); *Barnhart v. Morales*, 459 S.W.3d 733, 745, n.4 (Tex. App.—Houston [14th Dist.] 2015, no pet.).