# NO. 12-12-00353-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BILLY EDWARD DAMUTH, II,*<br>*APPELLANT* | § | *APPEAL FROM THE 392ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *TRINITY VALLEY COMMUNITY*<br>*COLLEGE,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Billy Edward Damuth, II, appeals from the trial court's order dismissing his breach of contract suit against Trinity Valley Community College (TVCC).  In his sole issue, Damuth contends TVCC's governmental immunity has been waived.  We affirm.

## BACKGROUND

Damuth entered into a written employment agreement with TVCC to coach and teach. Five months into the one year contract, he was discharged.  He brought suit against TVCC for breach of contract and against Glendon S. Forgey, president of TVCC, individually, for tortious interference with his employment contract.  TVCC and Forgey filed a motion to dismiss and plea to the jurisdiction, which the trial court granted in separate orders.  Damuth appealed only the order dismissing his suit against TVCC.

## IMMUNITY

In his sole issue, Damuth asserts that the trial court erred in dismissing his suit against TVCC because TVCC waived immunity to suit.  Specifically, he argues that Local Government Code Section 271.152 applies here, statutorily providing that immunity is waived for the purpose

of adjudicating a claim for breach of contract. TVCC responds by asserting that Section 271.152 applies only to certain contracts, and it does not apply to employment contracts.

**Standard of Review**

When performing governmental functions, political subdivisions derive governmental immunity from the State's sovereign immunity. *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011). Immunity from suit deprives a trial court of jurisdiction. *Id*. at 133. Accordingly, a governmental entity properly asserts immunity in a plea to the jurisdiction. *Id*. Whether a trial court possesses jurisdiction is a question of law that we review de novo. *Id*. In reviewing a plea to the jurisdiction, we review the pleadings and any evidence relevant to the jurisdictional issue. *Tex. Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). The plaintiff has the burden of alleging facts sufficient to demonstrate the trial court's jurisdiction by alleging a valid waiver of immunity. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Absent special statutory permission, a party cannot pursue a breach of contract action against the State without first obtaining consent from the legislature. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 107.001-.005 (West 2011); *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). A statute shall not be construed as a waiver unless immunity is waived by clear and unambiguous language. TEX. GOV'T CODE ANN. § 311.034 (West 2013).

Statutory construction is also a question of law, which we review de novo. *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010); *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). In determining whether Section 271.152 applies here, we look to the legislature's intent. *See Tex. Lottery Comm'n*, 325 S.W.3d at 635. We construe the statute's words according to their plain and common meaning. *City of Rockwall*, 246 S.W.3d at 625. In construing a statute, we may consider, among other matters, the object sought to be attained, circumstances under which the statute was enacted, legislative history, the common law or former statutory provisions, including laws on the same or similar subjects, the consequences of a particular construction, and the caption. *See* TEX. GOV'T CODE ANN. § 311.023 (West 2013).

**Analysis**

Damuth asserts that Section 271.152 of the Local Government Code applies to deprive TVCC of immunity. Section 271.152 provides as follows:

> A local government entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

TEX. LOCAL GOV. CODE ANN. § 271.152 (West 2005). The Texas Legislature enacted Section 271.152 "to loosen the immunity bar so that *all* local governmental entities that have been given or are given the statutory authority to enter into contracts shall not be immune from suits arising from those contracts." *Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth*., 320 S.W.3d 829, 838 (Tex. 2010). The statute waives immunity from suit for certain contract claims. *Id*. The legislature defined the type of contract described in Section 271.152 as "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity." TEX. LOCAL GOV'T CODE ANN. § 271.151(2) (West 2005). Damuth contends that the legislature intended this language to encompass his services as teacher and coach. Thus, the relevant inquiry is whether the employment contract in this case falls into that category of services referenced in Section 271.151(2).

Chapter 271 provides no definition for the term "services." In ordinary usage, the term has a rather broad and general meaning, and it includes generally any act performed for the benefit of another under some agreement whereby such act was to have been performed. *Kirby Lake Dev., Ltd.*, 320 S.W.3d at 839. However, we interpret statutory waivers of immunity narrowly. *Amadi v. City of Houston*, 369 S.W.3d 254, 257 (Tex. App.–Houston [14th Dist.] 2011, pet. filed).

Chapter 271 falls within Title Eight of the Local Government Code, which is entitled "Acquisition, Sale, or Lease of Property." Chapter 271 includes the Public Property Finance Act, rules for competitive bidding on public works contracts, and the Certificate of Obligation Act, which provides a procedure for certain financing. *See* TEX. LOCAL GOV'T CODE ANN. §§ 271.001-.064 (West 2005 & Supp. 2012). These statutes are applicable in situations where third parties are doing business with a governmental entity. There is no indication in Title Eight of the Local Government Code that it applies to employees of the governmental entity.

Few cases have considered the application of Section 271.152. The Texas Supreme Court, in *City of Houston v. Williams*, held that municipal ordinances, as well as certain other agreements, constituted an employment contract between the city and the plaintiff fire fighters. *Williams*, 353 S.W.3d at 137. Further, the court found that the fire protection services provided

3

by the fire fighters were "services" within the meaning of Section 271.151 and the city's immunity was waived pursuant to Section 271.152. *Id*. at 137-39. We do not interpret *Williams* as a blanket holding that all employment contracts with a governmental entity are subject to the waiver of Section 271.152. The services of fire fighters are so significant that fire fighters are designated civil servants subject to special rules. *See* TEX. LOC. GOV'T CODE ANN. §§ 143.001-.313 (West 2008 & Supp. 2012). Also, the statute specifically states that those rules do not apply to all employees of a fire department, such as secretaries and administrative employees. *See* TEX. LOC. GOV'T CODE ANN. § 143.003(4)(B) (West 2008). Thus, there is a distinction between the services provided by fire fighters and those of other employees.

Had the legislature intended to waive immunity from suit for every contract participated in by governmental entities, it could have done so. *See E. Houston Estate Apts. v. City of Houston*, 294 S.W.3d 723, 736 (Tex. App.–Houston [1st Dist.] 2009, no pet.). We must interpret the limitation as having some meaning. *Id*. Further, as a general rule, ambiguity as to waiver is resolved in favor of retaining governmental immunity. *Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 844 (Tex. 2009). Accordingly, based upon the plain language of the limited waiver of immunity in Section 271.152, we conclude that it does not apply here. *See Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 932 (Tex. 2010) (plain language of statute under review excluded Commissioner of Education from those parties who must consent to judicial appeal in Travis County). Because TVCC has not waived its immunity from suit for breach of Damuth's employment contract, the trial court did not err in granting TVCC's motion to dismiss and plea to the jurisdiction. We overrule Damuth's sole issue.

## DISPOSITION

Texas Local Government Code Section 271.152 does not apply to waive TVCC's governmental immunity for the purpose of adjudicating a claim for breach of Damuth's employment contract. Accordingly, we *affirm* the trial court's order of dismissal.

### SAM GRIFFITH
Justice

Opinion delivered July 31, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

4



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

## JULY 31, 2013

## NO. 12-12-00353-CV

## BILLY EDWARD DAMUTH, II,
Appellant
V.
## TRINITY VALLEY COMMUNITY COLLEGE,
Appellee

Appeal from the 392nd Judicial District Court

of Henderson County, Texas. (Tr.Ct.No. 2012B-0207)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order.

It is therefore ORDERED, ADJUDGED and DECREED that the order of dismissal of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **BILLY EDWARD DAMUTH, II,** for which execution may issue, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*