

# THE SUPREME COURT OF TEXAS
Post Office Box 12248
Austin, Texas 78711

(512) 463-1312

November 21, 2014

Mr. Richard L. Ray
Ray & Thatcher | Attorneys at Law PC
300 South Trade Days Blvd
Canton, TX 75103

Ms. Leigh Campbell Porter
Wilson Robertson & Cornelius, PC.
P.O. Box 7339
909 ESE Loop 323, Suite 400
Tyler, TX 75701

**FILED IN COURT OF APPEALS**
**12th Court of Appeals District**
**NOV 25 2014**
**TYLER TEXAS**
**CATHY S. LUSK, CLERK**

RE:     Case Number:  13-0815
        Court of Appeals Number:  12-12-00353-CV
        Trial Court Number:  2012B-0207

Style:  BILLY EDWARD DAMUTH, II
        v.
        TRINITY VALLEY COMMUNITY COLLEGE AND GLENDON S. FORGEY,
        INDIVIDUALLY

Dear Counsel:

Today the Supreme Court of Texas issued an opinion and judgment in the above-referenced cause.  You may obtain a copy of the opinion and judgment through Case Search on our Court's webpage at: http://www.supreme.courts.state.tx.us/.  On the Case Search page simply enter the case number and push the Search button to find the docket page for your case.

Sincerely,

Blake A. Hawthorne

Blake A. Hawthorne, Clerk
by Claudia Jenks, Chief Deputy Clerk

cc:  Ms. Jean Godwin
     Ms. Cathy S. Lusk

12-12-00353-CV

# IN THE SUPREME COURT OF TEXAS

No. 13-0815

FILED IN COURT OF APPEALS
12th Court of Appeals District

NOV 2 5 2014

TYLER TEXAS
CATHY S. LUSK, CLERK

BILLY EDWARD DAMUTH, II, PETITIONER,

v.

TRINITY VALLEY COMMUNITY COLLEGE AND
GLENDON S. FORGEY, INDIVIDUALLY, RESPONDENTS

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE TWELFTH DISTRICT OF TEXAS

**PER CURIAM**

The Local Government Contract Claims Act waives a local governmental entity's immunity from suit for breach of a services contract subject to the Act. TEX. LOC. GOV'T CODE §§ 271.151(2), 271.152. In *City of Houston v. Williams*, we held firefighters' employment contracts to be subject to the Act. 353 S.W.3d 128, 131, 139 (Tex. 2011). Nevertheless, in the present case, the court of appeals held that the Act does not cover government employment contracts generally. ___ S.W.3d ___ (Tex. App.—Tyler 2013). We disagree and so reverse the court of appeals' judgment and remand the case to the trial court.

Petitioner Billy Damuth had a written employment agreement for "services . . . as Head Women's Basketball Coach/Professor" with respondent Trinity Valley Community College ("TVCC"), a local governmental entity to which the Act applies. TEX. EDUC. CODE §§ 130.005,

130.205; TEX. LOC. GOV'T CODE § 271.151(3)(B). Five months into the one-year contract, TVCC fired Damuth. Damuth sued TVCC for breach of contract. On TVCC's plea of immunity, the trial court dismissed the case. The court of appeals affirmed, holding that the Act does not waive immunity from suit for breach of employment contracts. ___ S.W.3d at ___. The CA gave three reasons. None has merit.

First: the Act does not specifically mention employment agreements and cannot be read to cover them because statutory waivers of immunity must be by clear and unambiguous language. TEX. GOV'T CODE § 311.034. But "services" clearly includes what an employee provides his employer by his efforts. Indeed, TVCC expressly contracted for Damuth's "services."

Second: the Act is part of Title 8 of the Local Government Code, entitled "Acquisition, Sale, or Lease of Property," which applies "in situations where third parties are doing business with a governmental entity," and it gives "no indication" that it "applies to employees of the governmental entity." ___ S.W.3d at ___. But "[t]he heading of a title, subtitle, chapter, subchapter, or section does not limit or expand the meaning of a statute." TEX. GOV'T CODE § 311.024. "In ordinary usage the term 'services' has a rather broad and general meaning. It includes generally any act performed for the benefit of another under some arrangement or agreement whereby such act was to have been performed." *Van Zandt v. Fort Worth Press*, 359 S.W.2d 893, 895 (Tex. 1962) (quotation omitted). Though the Legislature has defined "services" in some contexts, it has not done so in the Act, and "the term is broad enough to encompass a wide array of activities." *Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 839 & n.8 (Tex. 2010) (citing, e.g., TEX. BUS. & COM. CODE § 17.45(2), and TEX. UTIL. CODE § 11.003); *see also* TEX. GOV'T CODE § 851.001(8) (defining

2

"employee" in terms of providing "services"). The term is certainly broad enough to include services provided by employees.

Third: although *Williams* held that the Act covers firefighters' employment contracts, firefighters are civil servants and treated differently from other employees. The argument is a *non sequitur*. The law's sometimes special treatment of civil service employees says nothing about whether they should be treated differently under the Act. Nothing in the Act itself indicates that its waiver of immunity is limited to suits by civil servants.

TVCC advances no other argument in support of the trial court's dismissal of the case. Accordingly, we conclude that TVCC's immunity from suit has been waived for Damuth's breach-of-contract claim. We grant Damuth's petition for review and, without hearing oral argument, reverse the court of appeals' judgment and remand the case to the trial court. TEX. R. APP. P. 59.1.

Opinion delivered: November 21, 2014

# IN THE SUPREME COURT OF TEXAS

No. 13-0815

BILLY EDWARD DAMUTH, II, PETITIONER,

v.

TRINITY VALLEY COMMUNITY COLLEGE AND
GLENDON S. FORGEY, INDIVIDUALLY, RESPONDENTS

FILED IN COURT OF APPEALS
12th Court of Appeals District

NOV 25 2014

TYLER TEXAS
CATHY S. LUSK, CLERK

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE TWELFTH DISTRICT OF TEXAS

### JUDGMENT

THE SUPREME COURT OF TEXAS, having heard this cause on petition for review from the Court of Appeals for the Twelfth District, and having considered the appellate record and counsel's briefs, but without hearing oral argument under Texas Rule of Appellate Procedure 59.1, concludes that the court of appeals' judgment should be reversed.

IT IS THEREFORE ORDERED, in accordance with the Court's opinion, that:

1) The judgment of the court of appeals is reversed;

2) The case is remanded to the trial court for further proceedings consistent with this Court's opinion; and

3) Petitioner Billy Edward Damuth, II, shall recover, and respondents Trinity Valley Community College and Glendon S. Forgey shall pay, the costs incurred in this Court and in the court of appeals.

Copies of this judgment and the Court's opinion are certified to the Court of Appeals for the Twelfth District and to the District Court of Henderson County, Texas, for observance.

Opinion of the Court Delivered Per Curiam

November 21, 2014

*********