

# NUMBER 13-20-00264-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**TEXAS STATE TECHNICAL COLLEGE,**             **Appellant,**

**v.**

**JOHN CLARK OWEN,**             **Appellee.**

---

**On appeal from the County Court at Law No. 3
of Cameron County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Chief Justice Contreras**

In this accelerated interlocutory appeal, appellant Texas State Technical College (TSTC) argues the trial court erred by denying its plea to the jurisdiction in a suit filed by appellee John Clark Owen. TSTC contends by two issues that: (1) Owen failed to exhaust administrative remedies as to his retaliation claim, and (2) sovereign immunity bars

Owen's breach of contract claim.[1] Because we agree with TSTC on both issues, we affirm in part and reverse and render in part.

## I. BACKGROUND

Owen was employed as an English instructor at TSTC from 2001 to 2017. On August 18, 2017, TSTC advised Owen that his employment contract would not be renewed for the 2017–2018 academic year. On March 27, 2019, Owen filed suit against TSTC under the Texas Commission on Human Rights Act (TCHRA), alleging that he was subjected to age discrimination. *See* TEX. LAB. CODE ANN. § 21.051(1). Owen's petition also alleged that "[TSTC]'s actions were a form of retaliation [under the TCHRA] because of his complaints of discrimination." *See id.* § 21.055. Finally, Owen argued that TSTC breached his employment contract by terminating him without cause.

Owen's petition requested actual and exemplary damages and attorney's fees, and it included three exhibits: (1) an unsigned and undated "Employment Discrimination Complaint Form," promulgated by the Texas Workforce Commission (TWC), partially filled out to allege age discrimination; (2) a right-to-sue letter from the TWC to Owen dated February 26, 2019; and (3) a letter dated September 2001, signed by Owen and TSTC's president, confirming that Owen had accepted TSTC's offer of employment.[2] Owen's petition did not allege that TSTC's immunity to suit, as a governmental entity, had been waived.

---

[1] Owen has not filed a brief to assist us in the resolution of this matter.

[2] The September 2001 letter stated, among other things:

> The purpose of this correspondence is to offer you an appointment to [TSTC] Harlingen, from September 1, 2001 through August 31, 2002 (this constitutes a 12 month contract). The offer of appointment is limited to the period specified and does not create a right or expectation of continued employment beyond that period.

On February 26, 2020, TSTC filed a plea to the jurisdiction, arguing that: (1) Owen failed to exhaust his administrative remedies regarding his retaliation claim; and (2) Owen's breach of contract claim is barred by sovereign immunity.[3] In its conclusion paragraph, the plea argued that "Owen cannot meet the prima facie elements for age discrimination, retaliation or breach of contract, and cannot overcome [TSTC]'s sovereign immunity." Attached to the plea was a copy of the signed Charge of Discrimination which Owen filed with TWC on March 1, 2018. Owen filed a response, arguing: (1) TSTC waived its exhaustion-of-administrative-remedies argument because it did not raise that argument until eleven months after suit was filed; and (2) TSTC's sovereign immunity to the breach of contract claim is waived under chapter 271 of the Texas Local Government Code. TSTC filed a reply.

Without holding a hearing, the trial court denied the plea to the jurisdiction. This appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (permitting immediate appeal of interlocutory order denying plea to the jurisdiction by a governmental unit); *id.* § 101.001(3)(D) (defining "governmental unit" to include "any other institution, agency, or organ of government the status and authority of which are derived from the Constitution of Texas or from laws passed by the legislature under the constitution"); *see also* TEX. EDUC. CODE ANN. § 135.01 (establishing TSTC System).

## II. DISCUSSION

### A. Standard of Review

A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without

---

[3] TSTC's plea to the jurisdiction also asked the trial court to find as a matter of law that Owen cannot recover exemplary damages. TSTC does not address this request on appeal, and so neither do we.

3

regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction. *Id.*

The plaintiff has the initial burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *see Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). Whether a trial court has subject matter jurisdiction and whether the pleader has alleged facts that affirmatively demonstrate the trial court's subject matter jurisdiction are questions of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *La Joya Indep. Sch. Dist. v. Gonzalez*, 532 S.W.3d 892, 897 (Tex. App.—Corpus Christi–Edinburg 2017, pet. denied). We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *Miranda*, 133 S.W.3d at 226, 228. If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, even when the evidence implicates the merits of the cause of action. *Id.* at 227; *Blue*, 34 S.W.3d at 555; *see City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009).

**B. Applicable Law**

Sovereign immunity deprives a trial court of subject matter jurisdiction over any suit against a governmental entity unless that immunity has been expressly waived by the Legislature. *Univ. of Tex. Health Sci. Ctr. at Hous. v. Rios*, 542 S.W.3d 530, 532 n.4 (Tex. 2017). The TCHRA waives a governmental unit's immunity from suit, but only if the plaintiff: (1) alleges facts that would establish a violation of the TCHRA; and (2) if

4

challenged with contrary evidence, provides evidence that is at least sufficient to create a genuine fact issue material to that allegation. *Tex. Tech. Univ. Health Scis. Ctr.-El Paso v. Flores*, 612 S.W.3d 299, 305 (Tex. 2020); *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770–71 (Tex. 2018).

The TCHRA prohibits certain "unlawful employment practices," one of which is age discrimination by employers against persons forty years of age or older. TEX. LAB. CODE ANN. § 21.001; *Garcia*, 372 S.W.3d at 640–42. An "employer" includes any "state agency" or "state instrumentality," regardless of the number of individuals employed. *Id.* § 21.002(8)(D). In an age-discrimination case, the plaintiff establishes a prima facie case with evidence that he: (1) was a member of the protected class (i.e., forty years of age or older); (2) was qualified for the position at issue; (3) suffered a final, adverse employment action; and (4) was either (a) replaced by someone significantly younger or (b) otherwise treated less favorably than others who were similarly situated but outside the protected class. *Flores*, 612 S.W.3d at 305.

The TCHRA also prohibits retaliation against a person who, under the statute, engages in any of the following protected activities: "(1) opposes a discriminatory practice; (2) makes or files a charge; (3) files a complaint; or (4) testifies, assists, or participates in any manner in an investigation, proceeding, or hearing." TEX. LAB. CODE ANN. § 21.055. To establish a prima facie case of retaliation, an employee must show: (1) he engaged in a protected activity protected by the TCHRA, (2) he experienced a material adverse employment action, and (3) a causal link exists between the protected activity and the adverse action. *San Antonio Water Sys. v. Nicholas*, 461 S.W.3d 131, 137 (Tex. 2015).

Chapter 271 of the Texas Local Government Code waives governmental immunity

for certain suits alleging breach of a written contract for the provision of goods or services to a local governmental entity. *See* TEX. LOC. GOV'T CODE ANN. § 271.151–.160.

## C. Analysis

### 1. Age Discrimination

We observe at the outset that, although the conclusion paragraph in TSTC's plea to the jurisdiction requested dismissal of Owen's age discrimination claim, the plea did not set forth any argument challenging the trial court's jurisdiction over that claim. The plea baldly asserted that Owen "cannot meet the prima facie elements for age discrimination," but a defendant cannot simply deny the existence of jurisdictional facts and force the plaintiff to raise a fact issue. *See Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207 (Tex. 2002); *Gonzalez*, 532 S.W.3d at 897 ("[A] defendant may not advance a 'no-evidence' plea to the jurisdiction."). Further, TSTC's plea did not challenge the existence of jurisdictional facts or provide any evidence negating any such facts or any other elements of the discrimination claim. Therefore, Owen never had the burden to provide evidence supporting a prima facie age-discrimination case. *Cf. Flores*, 612 S.W.3d at 305.

In any event, TSTC's arguments at the trial court and on appeal exclusively pertain to Owen's retaliation and breach of contract causes of action.[4] TSTC does not argue on appeal that the trial court lacked jurisdiction over its age discrimination claim. Accordingly,

---

[4] On April 19, 2021, more than seven months after TSTC filed its brief, Owen's counsel filed a letter with this Court representing that Owen filed an amended petition with the trial court on April 9, 2021, removing the retaliation and breach of contract claims. The letter claims that the appeal is therefore "moot." We disagree because the amended petition was not contained in the trial court record. *See Gonzalez v. Villarreal*, 251 S.W.3d 763, 777 n.17 (Tex. App.—Corpus Christi–Edinburg 2008, pet. dism'd) (noting that an appellate court cannot consider documents which are not formally included in the trial court record). We note that Owen has not sought leave to file a supplemental clerk's record or a late brief.

we conclude the trial court did not err in denying the plea to the jurisdiction with respect to the age discrimination claim.

### 2. Retaliation

By its first issue, TSTC contends that Owen failed to exhaust his administrative remedies with respect to his retaliation claim. We agree. The TCHRA establishes a "comprehensive administrative review system" whose remedies a plaintiff must exhaust as "a mandatory prerequisite to filing a civil action alleging violations of the [TCHRA]." *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 446 (Tex. 2004); *see* TEX. GOV'T CODE ANN. § 311.034 (providing that a statutory prerequisite to suit, such as the exhaustion of administrative remedies, is a jurisdictional requirement in any suit against a governmental entity). To meet the exhaustion requirement, a plaintiff must file a charge of discrimination within 180 days of the alleged discriminatory employment action. TEX. LAB. CODE ANN. § 21.202; *see Czerwinski v. Univ. of Tex. Health Sci. Ctr.*, 116 S.W.3d 119, 121 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). Any ensuing lawsuit will then "be limited in scope to only those claims that were included" in the charge "and to factually related claims that could reasonably be expected to grow out of the agency's investigation of the claims stated in the charge." *City of Sugar Land v. Kaplan*, 449 S.W.3d 577, 582 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

The unsigned and undated "Employment Discrimination Complaint Form" which Owen allegedly filed with TWC alleged the following facts:

> I am a 73 year old male. I began working as a volunteer English tutor at the University of Texas in Brownsville in 1994 while completing my BBA. After completing my BBA, I was asked to teach Developmental Writing classes for UTB as an adjunct while I completed my MA in English. Upon completion of my MA in English in 2001, I was employed by [TSTC] as a full time

English Instructor. I held that position until August 21, 2017, when I was unexpectedly summoned to face a group of administrators and told my contract would not be renewed, and I would be discharged, effective immediately. Previously, on 5/15/17, I was given a letter of intent to renew my employment for 2017–2018. I was scheduled to teach 5 classes for the Fall semester of 2017 and had been assigned the maximum number of students. My name appeared on the TSTC website and registration information. I had posted my syllabi, and all of my classes were available on Moodle, the TSTC Learning Platform. In customary fashion, my rosters were published, and my assigned the students [sic] had access to all of this information, including schedules and assignments. I was never given any explanation for my discharge. I believe that this decision was solely based on my age and the need to replace the faculty with younger employees.

Owen's formal charge of discrimination made largely the same factual allegations:

I have been subjected to discharge based on my Age (73). During my employment with [TSTC] I have never been written up or receive and [sic] type of disciplinary actions. In May of 2017 I was given a letter of intent to renew my employment for the 2017 to 2018 school year. I was scheduled to teach five classes for the fall semester of 2017 and had been assigned the maximum number of students. On August 21, 2017 I received an unexpected summons to appear in front of a group of administrators where I was notified that my contract will not be renewed, and I would be discharged, effective immediately. I believe this decision was solely based on my age and the need to replace the faculty with younger employees.

Neither the complaint form nor the formal charge alleged that Owen was the victim of retaliation. Moreover, Owen never alleged any facts that would support a TCHRA retaliation claim, and no retaliation claim "could reasonably be expected to grow out of the [TWC]'s investigation of the claims stated in the charge." *See Kaplan*, 449 S.W.3d at 582. In particular, there was no allegation that Owen suffered any "adverse employment action" *after* he engaged in a protected activity under § 21.055 of the TCHRA. *See San Antonio Water Sys.*, 461 S.W.3d at 137. The only protected activities Owen allegedly engaged in were filing the complaint form and filing the formal discrimination charge; the record does not establish when the complaint form was filed but the formal charge is dated March 1, 2018. The only "adverse employment action" alleged is his dismissal on

8

August 21, 2017. Owen's retaliation claim therefore fails because he cannot show a causal link between any protected activity and his termination. *See Nicholas*, 461 S.W.3d at 137 (setting forth elements of TCHRA retaliation claim); *see also Clark*, 554 S.W.3d at 770 ("The TCHRA waives immunity, but only when the plaintiff states a claim for conduct that actually violates the statute."). We conclude that the plea to the jurisdiction should have been granted on Owen's TCHRA retaliation claim. TSTC's first issue is sustained.

### 3. Breach of Contract

By its second issue, TSTC argues the trial court erred in denying its plea to the jurisdiction on Owen's breach of contract claim because its governmental immunity was not waived. Again, we agree. Owen's petition did not point to any act of the Texas Legislature waiving TSTC's immunity from this claim. *See Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 597 (Tex. 2001) ("[T]here is but one route to the courthouse for breach-of-contract claims against the State, and that route is through the Legislature."); *Tex. Ass'n of Bus.*, 852 S.W.2d at 446 (noting that the plaintiff has the initial burden to plead facts affirmatively showing that the trial court has jurisdiction).

In his response to TSTC's plea to the jurisdiction, Owen asserted that immunity was waived by chapter 271 of the local government code. *See* TEX. LOC. GOV'T CODE ANN. § 271.152 (waiving governmental immunity for certain claims alleging breach of a written contract for the provision of goods or services to a local governmental entity). He cited *Damuth v. Trinity Valley Community College*, 450 S.W.3d 903, 904 (Tex. 2014), for the proposition that an employment contract is a contract for the provision of "services" under chapter 271. But, as TSTC noted in its reply to Owen's response, it is not a "local governmental entity" according to the definition provided in the statute. For purposes of

9

chapter 271, "local governmental entity" means

> a political subdivision of this state, other than a county or a unit of state government, as that term is defined by Section 2260.001, Government Code, including a:
>
> (A)   municipality;
>
> (B)   public school district and junior college district; and
>
> (C)   special-purpose district or authority, including any levee improvement district, drainage district, irrigation district, water improvement district, water control and improvement district, water control and preservation district, freshwater supply district, navigation district, conservation and reclamation district, soil conservation district, communication district, public health district, emergency service organization, and river authority.

TEX. LOC. GOV'T CODE ANN. § 271.151(3). A "unit of state government" is defined in the government code as

> the state or an agency, department, commission, bureau, board, office, council, court, or other entity that is in any branch of state government and that is created by the constitution or a statute of this state, including a university system or institution of higher education. The term does not include a county, municipality, court of a county or municipality, special purpose district, or other political subdivision of this state.

TEX. GOV'T CODE ANN. § 2260.001. TSTC is an "institution of higher education" created by statute. TEX. EDUC. CODE ANN. § 135.01. Therefore, it is not a "local government entity" for purposes of local government code chapter 271, and chapter 271 does not waive immunity for Owen's breach of contract claim. *See* TEX. GOV'T CODE ANN. § 2260.001; TEX. LOC. GOV'T CODE ANN. § 271.151(3). Accordingly, the trial court should have granted the plea to the jurisdiction as to that claim. TSTC's second issue is sustained.

### III. CONCLUSION

We reverse the part of the trial court's judgment denying the plea to the jurisdiction as to Owen's retaliation and breach of contract claims, and we render judgment

10

dismissing those claims for lack of jurisdiction. The remainder of the trial court's judgment

is affirmed.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
22nd day of April, 2021.